Adam Brezine (California Bar No. 220852)
*adam.brezine@bryancave.com*
**BRYAN CAVE LLP**
560 Mission Street, 25th Floor
San Francisco, CA  94105-2994
Telephone:     (415) 675-3400
Facsimile:     (415) 675-3434

Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| Sephora USA, Inc., | Case No. _____ |
| Plaintiff, | **Complaint for Breach of Written Contract** |
| v. | |
| Palmer, Reifler & Associates, P.A., | |
| Defendant. | |

267023.1

SEPHORA V. PALMER, REIFLER -- COMPLAINT: CASE NO. _____

Plaintiff Sephora USA, Inc. ("Sephora"), for its complaint against Defendant Palmer, Reifler & Associates, P.A. ("PRA"), states as follows:

**Introduction and Summary of Complaint**

1. This is an action for breach of a written contract.  Sephora and PRA are parties to a written agreement, entered in 2005, under which PRA performed services for Sephora.  That agreement requires PRA to indemnify Sephora "from and against any and all suits, judgments, or liabilities directly arising from the negligence or other improper conduct of" PRA.

2. Sephora has incurred substantial expense as the result of a claim directly arising from the alleged improper conduct of PRA.  Despite proper and timely demand, PRA has refused to honor its indemnity obligation, and is therefore in breach of contract.

**Parties, Jurisdiction, and Venue**

3. Sephora is a Delaware corporation with its principal place of business in San Francisco, California.

4. On information and belief, PRA is a Florida Professional Association with its principal place of business in Orlando, Florida.

5. Jurisdiction is proper in this Court under 28 U.S.C. §1332, because there is complete diversity of citizenship between the parties and the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs.

6. Venue is proper in this Court because a substantial portion of the acts giving rise to this action occurred in this district.

**Intradistrict Assignment**

7. Under Civil L.R. 3-2(c), this matter should be assigned to the San Francisco division, because a substantial portion of the events or omissions which give rise to the claim occurred in San Francisco County.

**The Agreement**

8. In 2005, Sephora and PRA entered an "Attorney/Client Service Agreement" ("Agreement").  Under the Agreement, PRA was engaged to represent Sephora in "pursuing

1  damages and/or civil penalties for theft offenses." These claims typically arise against a person
2  who is detained while attempting to shoplift from a Sephora store.
3      9. PRA was bound to "perform its services in accordance with all laws and
4  regulations, including without limitation all laws relating to the pursuit of, and collection for, theft
5  claims."
6      10. In exchange for performance of its duties under the Agreement, PRA received a
7  percentage of the amounts collected.
8      11. The Agreement requires PRA to "defend and indemnify" Sephora "from and
9  against any and all suits, judgments, or liabilities directly arising from [PRA's] negligence or other
10 improper conduct."

**Claim Asserted Against Sephora Based on Wrongful Conduct of PRA**

12     12. In July, 2014, Sephora was served with a putative class action complaint filed in
13 the Superior Court for the County of Los Angeles entitled *Tamera Renn v. Sephora USA, Inc.*,
14 Case No. BC551523.
15     13. The claims against Sephora in the *Renn* matter were based entirely on allegations of
16 improper conduct by PRA in connection with its performance of services for Sephora under the
17 parties' Agreement.
18     14. Sephora filed a demurrer and motion to strike the *Renn* complaint under
19 California's Anti-SLAPP statute. By written decision dated June 18, 2015, the Superior Court
20 granted the motion to strike. Judgment was entered July 17, 2015. The plaintiff did not appeal,
21 and the *Renn* action is now concluded.

**PRA's Breach of Contract**

23     15. Promptly upon receipt of the complaint in the *Renn* matter, Sephora made written
24 demand on PRA that it bear the costs of defense and otherwise indemnify Sephora from and
25 against the asserted claims.
26     16. Despite continuing and repeated requests, PRA has failed and refused to reimburse
27 Sephora for the costs and fees incurred in defense of the *Renn* matter.
28     17. The Agreement is a valid contract.

1     18.    Sephora has fully performed its obligations under the Agreement.

2     19.    PRA's refusal to reimburse Sephora for costs incurred in defense of the *Renn* matter is a material breach of its obligations under the Agreement.

20.    As a result of PRA's breach of contract, Sephora has been damaged in an amount to be proven at trial. The fees and costs incurred and paid by Sephora in defense of the *Renn* matter were in excess of $75,000.

21.    PRA has no justification or excuse for its failure to perform.

**Prayer for Relief**

Sephora respectfully requests that the Court enter judgment as follows:

A.    For damages in an amount to be determined at trial;

B.    For attorneys' fees and costs incurred in this action, as provided by contract;

C.    For interest as permitted by law; and

D.    For such other further relief as this Court deems just, equitable, and proper.

Dated:    December 15, 2015        BRYAN CAVE LLP

By:  */s/Adam Brezine*_____
        Adam Brezine
Attorneys for Plaintiff

267023.1

3

SEPHORA V. PALMER, REIFLER -- COMPLAINT: CASE NO. _____