UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SEPHORA USA, Inc., <br><br> Plaintiff, <br><br> vs. <br><br> PALMER, REIFLER & ASSOCIATES, a Florida Corporation, <br><br> Defendant. | Case Number: 3:15-cv-05750-JCS <br><br> **JOINT CASE MANAGEMENT STATEMENT & [PROPOSED] ORDER** <br><br> **DATE: 3/18/16** <br> **TIME: 2:00 pm** <br> **COURTROOM: G** <br><br> **Magistrate Judge Joseph C. Spero** |

The parties to the above-entitled action jointly submit this JOINT CASE MANAGEMENT STATEMENT & PROPOSED ORDER pursuant to the Standing Order for All Judges of the Northern District of California dated July 1, 2011 and Civil Local Rule 16-9.

**1.** **Jurisdiction & Service**

*The basis for the court's subject matter jurisdiction over plaintiff's claims and defendant's counterclaims, whether any issues exist regarding persona jurisdiction or venue, whether any parties remain to be served, and, if any parties remain to be served, a proposed deadline for service.*

**Plaintiff's Statement:**

Personal service was effected on Defendant Palmer, Reifler & Assoc., a Florida law firm (Defendant or "Palmer Reifler"), on December 18, 2015. This Court has personal jurisdiction over

Defendant because it regularly conducts business in this state and the district, including entering into the instant Client Services Agreement ("Agreement") with Sephora USA, Inc. ("Sephora") which is at issue in this case.[1] Plaintiff notes that Palmer Reifler is currently a defendant in a case pending before Magistrate Judge Corley involving the same acts and practices which are the subject of this case (*i.e.*, *Lee v. The Pep Boys, Palmer Reifler, et al.,* No. 3:12-cv-05064-JSC (N.D. Cal.), and has submitted to jurisdiction in that case. Venue lies in this Court pursuant to 28 USC § 1391(b)(2) because the agreement at issue in the litigation was executed in San Francisco and partially performed in San Francisco, and the harm suffered by Sephora occurred in this district.

**Defendant's Statement:**

Defendant Palmer, Reifler does not concede that this Court has **jurisdiction** over it. (Defendant contests the factual accuracy of plaintiff's footnote 1, below, which states that defense counsel refuses to explain his client's position about jurisdiction. Plaintiff counsel first posed a question about the meaning of the draft defense statement in this regard during the afternoon of Wednesday March 9, to which defense counsel responded immediately, stating that he lacked time this week to elaborate).

Defendant also denies the allegations of the complaint at paragraph 6, namely that **venue** is proper in this District because, allegedly, a substantial portion of the events giving rise to the claim occurred here. As can be gleaned from our discussion of the factual background, below, the incident giving rise to the underlying complaint filed by Tamera Renn occurred in Glendale, California; the lawsuit she filed was venued in Los Angeles County Superior Court; the alleged contract upon which the present indemnity claim is based was executed by the law firm at its sole Florida office, it is admittedly governed by Florida law, and the defendant law firm and all of its witnesses are to be found in the Middle District of Florida, Orlando Division.

While it is true that *Lee v. The Pep Boys, Palmer Reifler, et al., No. 3:12-cv-05064-JSC (N.D. Cal.)* is pending, that action has nothing to do with any merits issue before this Court.

---

[1] Defendant's statement indicates that Palmer Reifler "does not concede that this Court has jurisdiction over it." Plaintiff's counsel has repeatedly asked that defense counsel clarify whether it contests personal jurisdiction or subject matter jurisdiction, however, defense counsel has repeatedly refused to clarify his position or offer any basis for it.

## 2. **Facts**

*A brief chronology of the facts and a statement of the principal factual issues in dispute.*

### Plaintiff's Statement:

Plaintiff Sephora and Palmer, Reifler are parties to an "Attorney/Client Service Agreement" ("Agreement") pursuant to which Palmer Reifler, a Florida law firm, was engaged to represent Sephora in "pursuing damages and/or civil penalties for theft offenses." These claims typically arise against a person who is detained while attempting to shoplift from a Sephora store. The Agreement requires Palmer Reifler to "perform its services in accordance with all laws and regulations, including without limitation all laws relating to the pursuit of, and collection for, theft claims." It further requires Palmer Reifler to "defend and indemnify" Sephora "from and against any and all suits, judgments, or liabilities directly arising from the negligence or other improper conduct" of Palmer Reifler.

In July 2014, a putative class action lawsuit, styled *Tamera Renn v. Sephora USA, Inc.*, was filed against Sephora in Los Angeles Superior Court. The complaint alleged that "Palmer Reifler, as an agent for and on behalf of, Sephora" sent demand letters to California residents which included intentional misrepresentations of law and fact in violation of the Rosenthal Fair Debt Collection Practices Act, Bus. & Prof. Code § 17200, and the common law (fraud). Upon receipt of the *Renn* complaint, Sephora made written demand on Palmer Reifler to defend and otherwise indemnify Sephora from and against the asserted claims. Palmer Reifler refused. Sephora thereafter filed a demurrer and motion to strike the *Renn* complaint under California's Anti-SLAPP statute. By written decision dated June 18, 2015, the Superior Court granted the motion to strike. Judgment was entered July 17, 2015 and no appeal was filed.

Sephora brings the instant action against Palmer Reifler pursuant to the indemnity provision of the Agreement to recover its costs incurred, including attorneys' fees, in successfully defending against the allegations in the *Renn* lawsuit. Sephora disputes Defendant's assertion that fees and costs for which Sephora seeks reimbursement were incurred solely in relation to its successful motion to strike. Sephora

further disputes Defendant's repeated contention that Sephora "neglected to seek its fees and costs from the state court plaintiff."

**Defendant's Statement:**

Plaintiff Sephora USA, Inc. ("Sephora") is a sophisticated nationwide retailer of beauty products and other merchandise. Sephora is also part of the worldwide luxury brand LVMH Moët Hennessy Louis Vuitton. Plaintiff alleges that it contracted in 2005 with the defendant, Law Offices of Palmer, Reifler and Associates, P.A., ("Palmer, Reifler"), a small law firm in Orlando, Florida. Sephora (or its alleged affiliate) wanted Palmer, Reifler's help to assist it in obtaining compensation from persons who steal or attempt to steal its merchandise after they are detained by Sephora security personnel. Sephora decides which persons to detain, which persons thereafter to pursue for compensation, as well as the amount of compensation it authorizes its attorneys to seek from shoplifters.

Plaintiff Sephora seeks reimbursement of well over $200,000.00 in defense fees and costs to prepare a single, successful motion to strike a state court complaint under California Code of Civil Procedure Section 425.16 *et seq*. Plaintiff neglected to seek its fees and costs from the state court plaintiff under Section 425.16(c)(1). The state court lawsuit made claims against Sephora for its own decisions and conduct, as we review below.

**3. Legal Issues**

*A brief statement, without extended legal argument, of the disputed points of law, including reference to specific statutes and decisions.*

**Plaintiff's Statement:**

The Agreement provides for the application of Florida law to the interpretation of the Agreement. Florida law distinguishes between two duties in the contractual indemnification context, which are "entirely separate" and independent duties: (1) the duty to indemnify and hold harmless, and (2) the duty to defend. *See Florida Department of Transportation v. Southern Bell Telephone & Telegraph Co.*, 635 So. 2d 74, 78 (Fla. Dist. Ct. App. 1994) (noting that the "duty to defend is entirely separate from [the] right to indemnification"). The duty to defend is triggered by "the nature of the

claim" alleged against the indemnitee "regardless of whether the party asserting the claim should win or lose upon a final determination of the suit." *J.A. Jones Construction Co. v. Zack Co.*, 232 So. 2d 447, 450 (Fla. Dist. Ct. App. 1970). The indemnitor must defend the indemnitee if the underlying facts contained in the complaint can be fairly read to support a claim covered by the indemnification provision. *Metropolitan Dade County v. CBM Indus. of Minnesota, Inc.*, 776 So. 2d 937, 938 (Fla. Dist. Ct. App. 2001). This is sometimes referred to as the "eight corners" rule because the determination of whether a duty to defend is present is limited to the four corners of the underlying complaint and the four corners of the indemnity agreement. *See, e.g.*, *Colony Ins. Co. v. Barnes*, 410 F. Supp.2d 1137, 1139 (N.D. Fla. 2005), *aff'd,* (11th Cir. 2006). The indemnity agreement at issue here creates both a duty to indemnify and a duty to defend ("agrees to defend and indemnify . . . "). Accordingly, the key legal issue before the Court is whether the *Renn* complaint can be fairly read to support a claim covered by the indemnification provision in the parties' Agreement, regardless of the final determination of the underlying suit.

The *Renn* complaint asserted four causes of action: violation of Bus. and Prof. Code §17200, intentional misrepresentation, fraud and declaratory relief. Although the complaint was brought against Sephora, and not Palmer Reifler, each of the four claims is premised upon the same acts and practices of Palmer Reifler; specifically, sending a sequence of intentionally deceptive demand letters and collecting payments based upon those letters.[2] The complaint uses different phraseology -- "Palmer Reifler, acting on behalf of Sephora," "Sephora through its agent, Palmer Reifler," and "Palmer Reifler, as an agent for and on behalf of, Sephora" – however, it is apparent throughout that the allegedly improper conduct which forms the basis of Renn's claims was the conduct of Palmer, Reifler, and not Sephora.

Defendant will apparently contend that unless: (1) it has admitted fault, or (2) the underlying case has been tried to a judgment and the Defendant has been found liable, Defendant has no duty to defend (see below). Plaintiff strongly disagrees, contending that the position is contrary to established

---

[2] These same form demand letters are the subject of a different suit brought against both Palmer Reifler and Palmer Reifler client, The Pep Boys, which is currently pending before Magistrate Judge Corley. *Lee v. The Pep Boys, Palmer Reifler, et al.,* No. 3:12-cv-05064-JSC (N.D. Cal.).

5

Case Number: 3:15-cv-05750-JCS

*JOINT CASE MANAGEMENT REPORT*

law, would render the duty to defend superfluous by conflating it with the duty to indemnify (and the agreement to defend illusory), and would create perverse incentives by encouraging an indemnitee such as Sephora not to mount a vigorous defense and instead to concede liability in order to obtain indemnity.

**Defendant Palmer, Reifler's Statement:**

**BACKGROUND**

In this action, plaintiff Sephora USA, Inc. seeks reimbursement from its former Florida law firm, defendant Palmer, Reifler of over $200,000.00 in attorney fees and costs it allegedly incurred to bring a successful initial motion to strike a putative class action complaint filed in state court, *Tamera Renn, plaintiff v. Sephora USA, Inc.,* Los Angeles Superior Court case BC 551523 ("the *Renn* case"). Defendant Palmer, Reifler, was not a party to the *Renn* case.

Sephora filed the motion to strike at the outset of the *Renn* case. The *Renn* case was dismissed under the California anti-SLAPP statute, California Code of Civil Procedure Section 425.16 *et seq.* because the acts alleged in the *Renn* complaint were all in furtherance of Sephora's constitutional right to speak and petition, and were protected by the California litigation privilege. Sephora's attorneys' fees and costs were allegedly charged by its attorneys at Bryan Cave in Los Angeles and San Francisco, for bringing the successful motion to strike the *Renn* complaint. Bryan Cave also represents Sephora here.

The state court plaintiff, Tamera Renn, is the parent of the then-minor child Shannon Renn. Shannon attempted to steal merchandise from a Sephora store in Glendale, California. Sephora personnel detained her. Sephora asked Palmer, Reifler to seek compensation from Shannon's parent Tamera pursuant to California common law and California Penal Code Section 490.5(a), which specifies that the retailer is entitled to all possible remedies retailer victims may pursue from the parent or guardian, which include those available to the retailer under Civil Code Sections 3336, second part [allowing the victim of conversion to receive compensation for the costs of investigation], and 3294, for exemplary damages.

## CONTROLLING FLORIDA LAW

Sephora disclosed the four cases on which it relies here for the first time one day before this statement was to be filed, even though defendant had asked for Sephora's authorities beginning on January 28, 2016. We offer a truncated response to Sephora's cases only to illustrate the nature of the legal issues which pertain to the reimbursement claim Sephora makes. We of course do not seek a ruling about any merits issues. We do plan to present these and other arguments next month in a motion for judgment on the pleadings.

The mutual defense and indemnity clause at issue here is one part of an overall 2005 legal services agreement. The parties currently agree that Florida law applies. The defense and indemnity clause states:

**"Each party agrees to defend and indemnify the other party from and against any and all suits, judgments or liabilities directly arising from the negligence or other improper conduct of such party."**

The subject defense and indemnity clause does not require Palmer, Reifler to defend Sephora against any claim which *may* arise from Palmer, Reifler's *work.* Such work-trigger clauses are commonplace in both the insurance and noninsurance contexts. These sophisticated parties simply did not agree to one. Instead, the clause obliges each party to defend the other only against suits "directly arising from the negligence or other improper conduct" of the putative indemnitor. There has never been any admission of fault by or finding against Palmer, Reifler with regard to any allegation made by the underlying plaintiff Ms. Renn. There could not even have been any such finding because, as Sephora demonstrated conclusively in the Superior Court, all the conduct *Renn* alleged was protected by the California and United States Constitutions and the state litigation privilege.

The Eleventh Circuit held that a clause functionally matching ours triggers no duty to defend without a finding of fault on the part of the indemnitor. *Natl. R.R. Passenger Corp. v. Rountree Transport and Rigging, Inc.,* 286 F.3d 1233, 1261-63 (11th Cir. 2002*) certified question answered sub nom. Am. Home Assur. Co. v. Natl. R.R. Passenger Corp.,* 908 So. 2d 459 (Fla. 2005). The defense

7

Case Number: 3:15-cv-05750-JCS

*JOINT CASE MANAGEMENT REPORT*

*SF01DOCS\274147.1*

clause there was triggered only "*to the extent of and on account of* any negligent act or omission of" [the putative indemnitor] "in performing the work under the Contract." Here, the indemnitor has a duty to defend only "all suits ... directly arising from the negligence or other improper conduct of [the indemnitor]." In both cases, the parties intended to limit the duty to defend to those instances in which the indemnitor was actually at fault, not potentially at fault, and not where the potential liability of the indemnitee to the underlying plaintiff allegedly arises from the indemnitor's work. [3]

### Renn Accused Sephora of Independent Wrongful Conduct

The *Renn* complaint alleged*, inter alia*, that Sephora was liable for its own decisions and practices in which Palmer, Reifler played no part, for example:

<u>Sephora security personnel detained Tamera Renn's minor daughter Shannon</u> on February 25, 2014 at a Glendale, California Sephora store for allegedly shoplifting merchandise. (*Renn* complaint, paragraph 22, p.6:19-24);

<u>Sephora allegedly had a corporate level policy to detain and extract personal information from shoplifters</u> in order allegedly to make knowingly unlawful future demands from them for compensation (*Renn* complaint, paragraph 2, p.2:8- 13);

<u>Sephora allegedly deceived the recipients of letters</u> by leading them to believe "that Sephora had retained an attorney to evaluate its claims and to sue him or her." (*Renn* complaint, paragraph 62, p.15:14-15);

---

[3] Sephora cites four cases which do not apply. In [1] *State, Dept. of Transp. v. Southern Bell Tel & Tel. Co., Inc.*, 635 So. 2d 74 (Fl. 1st DCA 1994), the indemnitor was obliged to defend the indemnitee against any claim arising from its work; [2] in *J.A. Jones Construction Co. v. Zack Co.*, (Fl. 3rd DCA 1970), 232 So. 2d 447, the defense and indemnity clause also applied to accidents "in connection with the indemnitor's work or which were "occasioned by the [indemnitor];"[3] *Colony Ins. Co. v. Barnes* (N.D.Fla. 2005) 410 F. Supp. 2d 1137 construes the duty of an insurance carrier to defend an insured; and [4] in *Metropolitan Dade County v. CBM Industries of Minnesota, Inc*., (Fl. 3d. DCA 2000), the indemnitor and indemnitee were both sued for injuries caused, without dispute, solely by the indemnitee's maintenance work for the indemnitor. The duty to defend was triggered by any cause of action "which *may* arise" from the indemnitor-maintenance contractor's wilfull, negligent or unlawful acts or omissions. By contrast, the defense clause at issue here is not triggered by claims which *may* arise from the indemnitor's improper conduct. The defense clause here is limited instead to "suits … directly arising from the negligence or other improper conduct" of the indemnitor.

8

Sephora allegedly had not extended authority to its lawyers, e.g. Palmer, Reifler, to sue shoplifters on its behalf (*Renn* complaint, paragraph 3, p.2:15), and Sephora had not sued any person for civil damages arising out of any shoplifting incident at any Sephora store within four years (paragraph 21, p.6:15-17, 26, p.8:6);

Sephora allegedly was a "knowing participant" in an "unlawful scheme" (*Renn* complaint, paragraph 4, p.2:24);

Sephora allegedly had no intention of suing Ms. Renn or others. (*Renn* complaint, paragraph 8, p.3:24);

The letters Palmer, Reifler sent to plaintiff Renn first sought $500.00 and then $775.00. (These specific amounts were selected by Sephora) (*Renn* complaint, paragraph 21, p.6:9-13);

Sephora allegedly never asked its attorneys Palmer, Reifler to evaluate the circumstances of Renn's child's case, or any other case, to determine whether there was a good faith basis for any claim for civil shoplifting damages. (*Renn* complaint, paragraphs 21 p. 6:12-15, 25, p.7:20-21);

Sephora allegedly has caused hundreds if not thousands of letters to be sent to "individuals accused by Sephora of shoplifting". (*Renn* complaint, paragraphs 28, p.19-21, 31, p.9:11-13);

Sephora allegedly committed unfair acts under the California UCL. (*Renn* complaint, paragraphs 58. 59 (Renn complaint, p.14:9-11; 14);

Sephora allegedly deceived the recipients of letters by leading them to believe "that a lawsuit has been or is likely to be filed" (*Renn* complaint, paragraph 62, p.15:15);

Sephora should be ordered to pay restitution of money it received and it should be enjoined (*Renn* complaint, paragraph 65, 66, p.16:5-9).

**PRELIMINARY LEGAL ISSUES:**

1. Whether this Court will apply the substantive law of Florida to this diversity action, based upon a choice of law provision in the 2005 agreement for legal services;

2. Whether plaintiff Sephora USA, Inc. has standing to enforce the 2005 contract for legal services between defendant Palmer, Reifler and Sephora USA, *LLC* – the 2005 legal services agreement

identifies the LLC as the only law firm client. (Defendant raised this issue with Sephora counsel in writing in January, and is willing to consider any documentary evidence or argument that the current plaintiff has standing to proceed.)

3. Whether the mutual express indemnity provision of the 2005 agreement applies to the purported class action lawsuit brought by Tamera Renn against Sephora. The mutual indemnity clause does not protect or provide a defense to the indemnitee against claims arising from the indemnitor's work or alleged work, but instead protects the indemnitee only from claims or lawsuits directly arising from the indemnitor's *negligence or improper conduct*. Palmer, Reifler has not admitted or been found to be at fault, nor could it be, given the success of the Sephora motion to strike on constitutional and privilege grounds, see *Natl. R.R. Passenger Corp. v. Rountree Transport and Rigging, Inc.,* 286 F.3d 1233, 1261-63 (11th Cir. 2002*) certified question answered sub nom. Am. Home Assur. Co. v. Natl. R.R. Passenger Corp.,* 908 So. 2d 459 (Fla. 2005), discussed above;

4. Whether the *Renn* lawsuit alleges <u>fault on the part of Sephora USA, Inc</u>. (independent of what Ms. Renn alleged against its attorneys) and if so, do Renn's allegations fall outside the scope of the indemnity clause because alleged or actual fault on the part of the indemnitee is not contemplated by the indemnity clause;

5. Whether the *Renn* lawsuit alleges <u>joint fault on the part of Sephora and Palmer, Reifler</u>, and if so, whether such allegations of joint fault fall outside the scope of the indemnity clause;

6. If Sephora USA, Inc. is entitled to reimbursement, is it entitled to reimbursement of only *reasonable* fees and costs, as no provision of the 2005 agreement allows either party to obtain actual fees and costs;

7. Did Sephora fail to mitigate its damages by failing to seek or obtain reimbursement of attorney fees and costs in the *Renn* case from the unsuccessful plaintiff, despite the clear command of California Code of Civil Procedure Section 425.16(c)(1) that the Superior Court must award the successful defendant a mandatory award of reasonable fees and costs?

10
Case Number: 3:15-cv-05750-JCS

8. Are Bryan Cave law firm attorneys able to prosecute this action as they must also appear as witnesses on behalf of the alleged reasonableness of Sephora's fee and cost claim exceeding $200,000.00 to file a motion to strike, see California Rule of Court 5-210. Defendant has invited Sephora counsel merely to disclose whether Sephora has executed the required waiver, but they decline substantively to respond.

**4.      Motions**

*All prior and pending motions, their current status, and any anticipated motions.*

Defendant will file a motion for judgment on the pleadings by April 8, 2016. If that motion is not completely successful, defendant likely will file a motion to transfer pursuant to 28 USC Section 1404(a) to be heard in late July. Defense counsel will be absent from late June to mid July to get married.

Plaintiff intends to move for an early summary judgment motion. Because the issue of Palmer Reifler's liability is an issue of law, to be determined upon the allegations of the *Renn* complaint and the Agreement, discovery will be limited, allowing for an early summary judgment motion.

**5.      Amendment of Pleadings**

*The extent to which parties, claims, or defenses are expected to be added or dismissed and a proposed deadline for amending the pleadings.*

**Plaintiff's Statement:**

In the event Defendant intends to assert in a Rule 12(c) motion that Plaintiff lacks standing because the Agreement is between Sephora USA, LLC and Defendant, while Plaintiff was sued and sues Palmer Reifler as Sephora USA, Inc., Plaintiff may, if the Court believes it advisable, seek leave to amend the complaint to provide additional facts regarding Sephora USA, LLC's corporate conversion and name change to Sephora USA, Inc. Plaintiff strongly believes amendment of the complaint is unnecessary because, under Delaware law, conversion from an LLC to a corporation does not create a new or different entity, nor affect the rights or obligations of the LLC. Del. Code Ann. tit. 8, § 265(e), (f). The Certificate of Conversion issued by the Delaware Secretary of State is subject to judicial notice,

11

Case Number: 3:15-cv-05750-JCS

*JOINT CASE MANAGEMENT REPORT*

SF01DOCS\274147.1

and could be considered by the Court on a motion for judgment on the pleadings. However Plaintiff believes it would be a tremendous waste of party and judicial resources to address this non-issue by motion practice. Accordingly, in an effort to narrow the issues for decision by the Court, Plaintiff supplied defense counsel with a copy of Sephora's Certificate of Conversion, as well as citations to the relevant code provisions. Plaintiff asked defense counsel to clarify whether he was satisfied with the offer of proof, but defense counsel declined to say.

**Defendant Statement:**

Defendant has been willing since January to receive documentary evidence or argument as to why the current plaintiff has standing to pursue the action. None has been supplied until today. Defendant will review it and seasonably respond after speaking with counsel.

**6.** <u>**Evidence Preservation**</u>

*A brief report certifying that the parties have reviewed the Guidelines Relating to the Discovery of Electronically Stored Information ("ESI Guidelines"), and confirming that the parties have met and conferred pursuant to Fed. R. Civ. P. 26(f) regarding reasonable and proportionate steps taken to preserve evidence relevant to the issues reasonably evident in this action. See ESI Guidelines 2.01 and 2.02, and Checklist for ESI Meet and Confer.*

The parties have conferred pursuant to FRCP 26(f) and have confirmed that they have taken steps to preserve any relevant evidence.

**7.** <u>**Disclosures**</u>

*Whether there has been full and timely compliance with the initial disclosure requirements of Fed. R. Civ. P. 26 and a description of the disclosures made.*

The parties plan to make Initial Disclosures on March 16, 2016.

**8.** <u>**Discovery**</u>

*Discovery taken to date, if any, the scope of anticipated discovery, any proposed limitations or modifications of the discovery rules, a brief report on whether the parties have considered entering into*

12

*a stipulated e-discovery order, a proposed discovery plan pursuant to Fed. R. Civ. P. 26(f), and any identified discovery disputes.*

No discovery has been taken. The parties agree that discovery should commence only after the defense motions for judgment on the pleadings and for transfer are decided.

Defendant adds, however, that if the Court allows only a limited period within which to conduct percipient discovery, discovery may have to commence before both motions are decided.

**9. Class Actions**

*If a class action, a proposal for how and when the class will be certified.*

Not Applicable

**10. Related Cases**

*Any related cases or proceedings pending before another judge of this court, or before another court or administrative body.*

Not Applicable

**11. Relief**

*All relief sought through complaint or counterclaim, including the amount of any damages sought and a description of the bases on which damages are calculated. In addition, any party from whom damages are sought must describe the bases on which it contends damages should be calculated if liability is established.*

Plaintiff seeks to recover its costs of defense incurred in the *Renn* litigation, including reasonable attorneys' fees and costs, and interest thereon, as well as costs and fees incurred in the instant litigation pursuant to the Agreement.

Defendant believes that the motion to strike did not require $200,000.000 or more of attorney fees, as it was straightforward and simple.

**12. Settlement and ADR**

*Prospects for settlement, ADR efforts to date, and a specific ADR plan for the case, including compliance with ADR L.R. 3-5 and a description of key discovery or motions necessary to position the parties to negotiate a resolution.*

The parties stipulate to court mediation services after the defense motions are decided, if the case remains in this District.

**13. Consent to Magistrate Judge For All Purposes**

*Whether **all** parties will consent to have a magistrate judge conduct all further proceedings including trial and entry of judgment. __x__ YES ____ NO*

**14. Other References**

*Whether the case is suitable for reference to binding arbitration, a special master, or the Judicial Panel on Multidistrict Litigation.*

**15. Narrowing of Issues**

*Issues that can be narrowed by agreement or by motion, suggestions to expedite the presentation of evidence at trial (e.g., through summaries or stipulated facts), and any request to bifurcate issues, claims, or defenses.*

**16. Expedited Trial Procedure**

*Whether this is the type of case that can be handled under the Expedited Trial Procedure of General Order 64, Attachment A. If all parties agree, they shall instead of this Statement, file an executed Agreement for Expedited Trial and a Joint Expedited Case Management Statement, in accordance with General Order No. 64, Attachments B and D.*

**17. Scheduling**

*Proposed dates for designation of experts, discovery cutoff, hearing of dispositive motions, pretrial conference and trial.*

**Plaintiff's Statement:**

Plaintiff proposes the following schedule based on the assumption that defense motions for judgment on the pleadings and to transfer should be able to be resolved within the next five months, or by July 1, 2016, and in light of the fact that the determination of Defendant's liability is largely a question of law, which requires only limited discovery. With respect to Defendant's intended motions, as this Court is aware, Defendant previously obtained an order from this Court extending its time to respond to the complaint based on Defendant's representations that it needed additional time to prepare a motion to dismiss. Defendant did not file the promised motion, instead filing an answer. Plaintiff does not agree that Defendant needs even more time to now file a motion for judgment on the pleadings. Plaintiff therefore proposes the following schedule:

Close of Fact Discovery: September 30, 2016

Designation of Experts with Reports: October 14, 2016

Designation of Rebuttal Experts with Reports: October 28, 2016

Close of Expert Discovery: November 30, 2016

Last Day for Hearings on Dispositive Motions: January 13, 2017

Final Pretrial Conference: February 17, 2017

Trial: March 10, 2017

Plaintiff further objects to Defendant's proposed schedule in that it would require Plaintiff to file any expert report before Defendant, and also provides for rebuttal reports. Plaintiff believes it is more appropriate and efficient to require both parties to submit reports and rebuttal reports simultaneously.

**Defendant's Statement:**

The defense believes that the plaintiff's timetable is way too ambitious, because the parties will have only about 60 days from the expected decision on the defense motions and the close of percipient discovery.

We expect first to file a motion for judgment on the pleadings concerning whether Palmer, Reifler had an express contractual duty to defend Sephora by about April 8, 2016, with hearing and

15

Case Number: 3:15-cv-05750-JCS

*JOINT CASE MANAGEMENT REPORT*

*SF01DOCS\274147.1*

decision by about May 27, 2016. If the motion is not granted in its entirety, defendant intends then to file a motion to transfer to the Orlando Division of the Middle District of Florida, where it, and its witnesses are located, and where we believe the contract was executed.

Assuming that the 12(c) motion is decided by June 2, 2016, we would file the transfer motion within a week, or by June 10, 2016. Because defense counsel is getting married on July 9, we would ask for the hearing to occur on or after July 22, 2016.

Assuming that the court does not transfer, we would propose that percipient witness and other non expert discovery be allotted at least 100 days, or through November 10, 2016, following denial of the transfer motion.

Presently, we expect that there will be discovery on the reasonableness of the fee and cost claim Sephora brings – it seeks over $200,000.00 to file a motion to strike the *Renn* complaint. Based upon preliminary remarks from their counsel, we expect that Sephora will refuse to produce any attorney time records, any time entries, or any bills, necessitating motion practice on our part. Additionally, the lead counsel for Sephora in the *Renn* case, Adam Brezine, is no longer with Bryan Cave, and as of today, his state Bar records do not show where he is to be found. We will need to depose him.

Additionally, the defense has posed a failure to mitigate affirmative defense based on Sephora's failure to get a mandatory attorney fee award from Ms. Renn as was its absolute right under Section 425.16(c). The defense posed the question as to why this was so on January 27, 2016, and was effectively told that the information is irrelevant. We may be required to depose Sephora's corporate representative as well as Ms. Renn and her counsel to discover why Sephora did not seek the award.

It is also possible that this Court may decide in response to the motion for judgment on the pleadings that evidence should be taken from the parties and their former employees concerning the negotiations for, and meaning of, the indemnity and defense clause. If the Court so rules, it is extremely unlikely that all the necessary work can be done even in 100 days. We believe that former Sephora witnesses are not readily available.

Our proposed timetable is as follows:

16

Case Number: 3:15-cv-05750-JCS

*JOINT CASE MANAGEMENT REPORT*

SF01DOCS\274147.1

Close of Fact Discovery: November 10, 2016

Designation of Experts with Reports by plaintiff: December 2, 2016

Designation of Experts with Reports by defendant: December 23, 2016

Rebuttal expert reports and disclosures: January 6, 2017

Close of Expert Discovery: January 20, 2017

Last Day for Hearings on Dispositive Motions: March 17, 2017

Final Pretrial Conference: March 31, 2017

Trial: April 14, 2017

,

**18.** **Trial**

*Whether the case will be tried to a jury or to the court and the expected length of the trial.*

Plaintiff has not requested a jury trial. Defendant has.

**19.** **Disclosure of Non-party Interested Entities or Persons**

*Whether each party has filed the "Certification of Interested Entities or Persons" required by Civil Local Rule 3-15. In addition, each party must restate in the case management statement the contents of its certification by identifying any persons, firms, partnerships, corporations (including parent corporations) or other entities known by the party to have either: (i) a financial interest in the subject matter in controversy or in a party to the proceeding; or (ii any other kind of interest that could be substantially affected by the outcome of the proceeding.*

**20.** **Professional Conduct**

*Whether all attorneys of record for the parties have reviewed the Guidelines for Professional Conduct for the Northern District of California.*

Counsel for both parties have reviewed the Guidelines for Professional Conduct.

**21.** **Other**

*Such other matters as may facilitate the just, speedy and inexpensive disposition of this matter.*

17

Case Number: 3:15-cv-05750-JCS

*JOINT CASE MANAGEMENT REPORT*

*SF01DOCS\274147.1*

Dated: March 11, 2016    /s/ Daniel T. Rockey
                         Daniel T. Rockey
                         Bryan Cave, LLP
                         Counsel for Plaintiff Sephora USA, Inc.


Dated: March 11, 2016    /s/ John N. Dahlberg
                         John N. Dahlberg
                         Dillingham & Murphy
                         Counsel for Defendant Palmer, Reifler & Associates

CASE MANAGEMENT ORDER

The above JOINT CASE MANAGEMENT STATEMENT & PROPOSED ORDER is approved as the Case Management Order for this case and all parties shall comply with its provisions. [In addition, the Court makes the further orders stated below:]

IT IS SO ORDERED.

Dated:

_____
UNITED STATES DISTRICT/MAGISTRATE JUDGE