DILLINGHAM & MURPHY, LLP
JOHN N. DAHLBERG (SBN 85122)
jnd@dillinghammurphy.com
353 Sacramento Street, Suite 2000
SAN FRANCISCO, CALIFORNIA 94111
TELEPHONE: (415) 397-2700
FACSIMILE: (415) 397-3300

ATTORNEYS FOR THE LAW OFFICES OF
PALMER, REIFLER & ASSOCIATES, P.A.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT – SAN FRANCISCO

| | |
|---|---|
| SEPHORA USA, Inc., <br><br> Plaintiff, <br><br> v. <br><br> PALMER, REIFLER & ASSOCIATES, a Florida Corporation, <br><br> Defendant. | CASE NO. 3:15-cv-05750-JCS <br> ' <br> **DEFENDANT'S UNOPPOSED ADMINISTRATIVE MOTION FOR ORDER ALLOWING THE FILING OF A PARTIALLY REDACTED DOCUMENT IN THE PUBLIC FILE AND FILING OF THE UNREDACTED DOCUMENT UNDER SEAL** <br><br> **[LOCAL RULES 7-11 AND 79-5]** |

**NOTICE OF MOTION AND MOTION FOR LEAVE TO FILE A PARTIALLY REDACTED DOCUMENT IN THE PUBLIC FILE AND TO FILE THE UNREDACTED DOCUMENT UNDER SEAL**

Pursuant to Local Rule 7-11, defendant The Law Offices of Palmer, Reifler & Associates, P.A. moves without opposition for leave of Court allowing it to file a partially redacted, confidential 2005 attorney-client services agreement in connection with its April 8, 2016 motion for judgment on the pleadings, and also to file the complete 2005 Agreement under seal pursuant to Local Rule 79-5. This is an action for breach of the 2005 Agreement.

The 2005 Agreement recounts that it is to be kept confidential by the parties. Defendant seeks to redact only that portion of the 2005 Agreement which sets forth its fees for legal services, because its competitors could use such information to injure it in the marketplace for such services. The complete 2005 Agreement should be filed in connection with defendant's motion for judgment on the pleadings to be filed on or before April 8. The 2005 Agreement demonstrates the services defendant was to provide to plaintiff (or its affiliates), which is an issue the court must consider in determining the scope of a defense and indemnity provision of the 2005 Agreement. The scope and meaning of the defense and indemnity provision is the central legal issue in this case.

Plaintiff Sephora U.S.A., Inc. has stipulated that such leave may be granted, and we file its stipulation herewith. This motion is based on this notice of motion, motion, the following brief, the pleadings on file in this matter, and the supporting declarations filed herewith.

**BRIEF IN SUPPORT**

**I.  INTRODUCTION**

Defendant, a law firm, seeks leave to file a partially redacted document in the public ECF file. Defendant also seeks leave to file the complete document under seal. The document is its 2005 Legal Services Agreement with Plaintiff (or an affiliate). Defendant seeks to redact only § 4 of the 2005 Agreement. § 4 contains confidential legal fee information. The 2005 Agreement recounts that the Agreement is confidential. As established by the Welborn Declaration, Defendant, a law firm, will be injured if its fee agreement becomes known to its competitors in the national and local marketplace for legal services.

## II. BASIS FOR SEALING

The legal services agreement at issue contains confidential information—namely the "Section 4—Attorney's Fee" section of the Agreement. Defendant maintains that its attorney's fees arrangements are confidential, and it has treated § 4 of the 2005 Agreement as being confidential at all times. (Welborn Decl. ¶5). Disclosure of such sensitive fee information will harm Defendant. (Welborn Decl. ¶6). If the section 4 fee information is available to Defendant's competitors, it would be detrimental to Defendant's ability to get new clients and retain current clients. (*Id.* at ¶6). Competing law firms would be able to use Defendant's proprietary fee agreement information to adjust their fees and gain an advantage in obtaining new clients. (*Id*. at ¶6). § 7.2 of the agreement recounts that it is to be treated as confidential by the parties.

Information derives independent economic value from not being generally known when its secrecy "provides a business with a substantial business advantage." *Morlife Inc. v. Perry*, 56 Cal.App.4th 1514, 1522 (1997) [employer's customer list was a "trade secret"]. The Agreement recites that it is confidential at § 7.2. (Welborn Decl., ¶5). See *Stout v. Remetronix Inc.*, 298 F.R.D 531 (S.D. Ohio 2014) [court considered the fact that parties relied on the confidentiality designation and had kept documents private throughout relationship]; *Bayer AG and Miles, Inc. v. Barr Laboratories, Inc.*, 162 F.R.D 456 (S.D.N.Y. 1995) [protective orders granted when agreed to by parties and approved by courts when documents are believed to contain confidential commercial information or trade secrets].

//
//
//
//
//
//
//
//

1 | **III. CONCLUSION**

Based on the foregoing, Defendant respectfully requests that this Court grant this Motion.

DATED: April 1, 2016

                                DILLINGHAM & MURPHY, LLP
                                JOHN N. DAHLBERG

                      BY:  /s/ JOHN N. DAHLBERG
                                ATTORNEYS FOR LAW OFFICES OF PALMER, REIFLER & ASSOCIATES, P.A.