UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SEPHORA USA, Inc., ) <br> ) <br> Plaintiff, ) <br> ) <br> vs. ) <br> ) <br> PALMER, REIFLER & ASSOCIATES, a ) <br> Florida Corporation, ) <br> ) <br> Defendant. ) <br> ) <br> ) <br> ) <br> ──────────────────────────────────) | Case Number: 3:15-cv-05750-JCS <br><br> **SECOND JOINT CASE MANAGEMENT STATEMENT & [PROPOSED] ORDER** <br><br> **DATE: May 13, 2016** <br> **TIME: 9:30 am** <br> **COURTROOM: G** <br><br> **Magistrate Judge Joseph C. Spero** |

The parties submit this (SECOND) JOINT CASE MANAGEMENT STATEMENT & PROPOSED ORDER pursuant to the Standing Order for All Judges of the Northern District of California dated July 1, 2011 and Civil Local Rule 16-9.

**1.   Jurisdiction & Service**

*The basis for the court's subject matter jurisdiction over plaintiff's claims and defendant's counterclaims, whether any issues exist regarding persona jurisdiction or venue, whether any parties remain to be served, and, if any parties remain to be served, a proposed deadline for service.*

**Plaintiff's Statement:**

Personal service was effected on Defendant Palmer, Reifler & Assoc., a Florida law firm (Defendant or "Palmer Reifler"), on December 18, 2015.  This Court has personal jurisdiction over

1

Case Number: 3:15-cv-05750-JCS

*JOINT CASE MANAGEMENT REPORT*

*SF01DOCS\274147.1*

Defendant because it regularly conducts business in this state and the district, including entering into the instant Client Services Agreement ("Agreement") with Sephora USA, Inc. ("Sephora") which is at issue in this case.[1] Plaintiff notes that Palmer Reifler is currently a defendant in a case pending before Magistrate Judge Corley involving the same acts and practices which are the subject of this case (*i.e.*, *Lee v. The Pep Boys, Palmer Reifler, et al.,* No. 3:12-cv-05064-JSC (N.D. Cal.), and has submitted to jurisdiction in that case. Venue lies in this Court pursuant to 28 USC § 1391(b)(2) because the agreement at issue in the litigation was executed in San Francisco and partially performed in San Francisco, and the harm suffered by Sephora occurred in this district.

**Defendant's Statement:**

Defendant Palmer, Reifler does not concede that this Court has personal jurisdiction over it. Defendant also denies the allegations of the complaint at ¶ 6, namely that venue is proper in this District. As can be gleaned from our discussion of the factual background, below, the incident giving rise to the underlying complaint filed by Tamera Renn occurred in Glendale, California at a Sephora store; the lawsuit she filed only against Sephora, for which it now seeks damages here, was venued in Los Angeles County Superior Court; the alleged contract upon which Sephora's pending claim for breach of contract for failure to reimburse is based was executed by the defendant Florida the law firm at its sole Florida office; the contract at issue here is admittedly governed by Florida law, and the defendant law firm and all of its witnesses are to be found in the Middle District of Florida, Orlando Division.

While it is true that *Lee v. The Pep Boys, Palmer Reifler, et al., No. 3:12-cv-05064-JSC (N.D. Cal.)* is pending, that action has nothing to do with any merits or jurisdictional issue before this Court.

**2. <u>Facts</u>**

*A brief chronology of the facts and a statement of the principal factual issues in dispute.*

**Plaintiff's Statement:**

---

[1] Defendant's statement indicates that Palmer Reifler "does not concede that this Court has personal jurisdiction over it." Plaintiff's counsel has repeatedly asked that defense counsel clarify the basis for its claim that the Court lacks jurisdiction. However, defense counsel has refused to clarify his position or offer any basis for it; apparently seeking to gain some tactical advantage by hiding the ball on this issue.

Plaintiff Sephora and Palmer, Reifler are parties to an "Attorney/Client Service Agreement" ("Engagement Letter") pursuant to which Palmer Reifler, a Florida law firm, was engaged to represent Sephora in "pursuing damages and/or civil penalties for theft offenses." These claims typically arise against a person who is detained while attempting to shoplift from a Sephora store. The Agreement requires Palmer Reifler to "perform its services in accordance with all laws and regulations, including without limitation all laws relating to the pursuit of, and collection for, theft claims." It further requires Palmer Reifler to "defend and indemnify" Sephora "from and against any and all suits, judgments, or liabilities directly arising from the negligence or other improper conduct" of Palmer Reifler.

In July 2014, a putative class action lawsuit, styled *Tamera Renn v. Sephora USA, Inc.*, was filed against Sephora in Los Angeles Superior Court. The complaint alleged that "Palmer Reifler, as an agent for and on behalf of, Sephora" sent demand letters to California residents which included intentional misrepresentations of law and fact in violation of the Rosenthal Fair Debt Collection Practices Act, Bus. & Prof. Code § 17200, and the common law (fraud). Upon receipt of the *Renn* complaint, Sephora made written demand on Palmer Reifler to defend and otherwise indemnify Sephora from and against the asserted claims. Palmer Reifler failed to respond for months, forcing Sephora to fund its own defense of the class action lawsuit. Thereafter, Palmer Reifler, through words and actions, effectively acknowledged its obligation to indemnify Sephora for its litigation costs, even requesting that Sephora send Palmer, Reifler its legal invoices so that it could submit them to its professional liability carrier for reimbursement. It was only after Palmer, Reifler's carrier denied covered, some fifteen months later, that Palmer, Reifler suddenly changed its tune, claiming for the first time that it was not required to indemnify Sephora.

Forced to defend itself at its own expense, Sephora demurred to the complaint and at the same time, filed a motion to strike the *Renn* complaint under California's Anti-SLAPP statute. By written decision dated June 18, 2015, the Superior Court granted the motion to strike. Judgment was entered July 17, 2015 and no appeal was filed.

Sephora brings the instant action against Palmer Reifler pursuant to the indemnity provision of the Agreement to recover its costs incurred, including attorneys' fees, in successfully defending against the allegations in the *Renn* lawsuit, including costs to investigate the claims and possible defenses, preparing, filing and arguing the demurrer and motion to strike, and in resolving the litigation without the Plaintiff filing an appeal. Sephora disputes Defendant's assertion that fees and costs for which Sephora seeks reimbursement were incurred solely in relation to its successful motion to strike. Sephora further disputes Defendant's repeated contention that Sephora "neglected to seek its fees and costs from the state court plaintiff."

**Defendant's Statement:**

Plaintiff Sephora USA, Inc. ("Sephora") is a sophisticated nationwide retailer of beauty products and other merchandise. Sephora is also part of the worldwide luxury brand LVMH Moët Hennessy Louis Vuitton.

Plaintiff alleges that it contracted in 2005 with the defendant, Law Offices of Palmer, Reifler and Associates, P.A., ("Palmer, Reifler"), a small law firm in Orlando, Florida. Sephora (or its alleged affiliate) wanted Palmer, Reifler's help to assist it in getting compensation from persons who steal or attempt to steal its merchandise after they are detained by Sephora security personnel. Only Sephora decides which persons to detain, which persons thereafter to pursue for compensation, as well as the amount of compensation it authorizes its attorneys to seek from shoplifters.

Plaintiff Sephora seeks reimbursement of over $219,000 in defense fees and costs to prepare a single, successful motion to strike a state court complaint under California Code of Civil Procedure Section 425.16 *et seq*. (Plaintiff neglected to obtain an order from the Superior Court awarding its fees and costs against plaintiff Renn from the state court under Section 425.16(c) (1)). Renn sued Sephora for its own decisions and conduct, as we review below, and as we discuss in detail in the pending motion for judgment on the pleadings, also to be heard by the Court May 13, 2016 (Dkt. No. 31).

4

Case Number: 3:15-cv-05750-JCS

*JOINT CASE MANAGEMENT REPORT*

*SF01DOCS\274147.1*

3. **Legal Issues**

*A brief statement, without extended legal argument, of the disputed points of law, including reference to specific statutes and decisions.*

**Plaintiff's Statement:**

The Agreement provides for the application of Florida law to the interpretation of the Agreement. Florida law distinguishes between two duties in the contractual indemnification context, which are "entirely separate" and independent duties: (1) the duty to indemnify and hold harmless, and (2) the duty to defend. *See Florida Department of Transportation v. Southern Bell Telephone & Telegraph Co.*, 635 So. 2d 74, 78 (Fla. Dist. Ct. App. 1994) (noting that the "duty to defend is entirely separate from [the] right to indemnification"). The duty to defend is triggered by "the nature of the claim" alleged against the indemnitee "regardless of whether the party asserting the claim should win or lose upon a final determination of the suit." *J.A. Jones Construction Co. v. Zack Co.*, 232 So. 2d 447, 450 (Fla. Dist. Ct. App. 1970). The indemnitor must defend the indemnitee if the underlying facts contained in the complaint can be fairly read to support a claim covered by the indemnification provision. *Metropolitan Dade County v. CBM Indus. of Minnesota, Inc.*, 776 So. 2d 937, 938 (Fla. Dist. Ct. App. 2001). This is sometimes referred to as the "eight corners" rule because the determination of whether a duty to defend is present is limited to the four corners of the underlying complaint and the four corners of the indemnity agreement. *See, e.g.*, *Colony Ins. Co. v. Barnes*, 410 F. Supp.2d 1137, 1139 (N.D. Fla. 2005), *aff'd,* (11th Cir. 2006). The indemnity agreement at issue here creates both a duty to indemnify and a duty to defend ("agrees to defend and indemnify . . . "). Accordingly, the key legal issue before the Court is whether the *Renn* complaint can be fairly read to support a claim covered by the indemnification provision in the parties' Agreement, regardless of the final determination of the underlying suit.

The *Renn* complaint asserted four causes of action: violation of Bus. and Prof. Code §17200, intentional misrepresentation, fraud and declaratory relief. Although the complaint was brought against Sephora, and not Palmer Reifler, each of the four claims is premised upon the same acts and practices of

Palmer Reifler; specifically, sending a sequence of intentionally deceptive demand letters and collecting payments based upon those letters.[2] The complaint uses different phraseology – "Palmer Reifler, acting on behalf of Sephora," "Sephora through its agent, Palmer Reifler," and "Palmer Reifler, as an agent for and on behalf of, Sephora" – however, it is apparent throughout that the allegedly improper conduct which forms the basis of Renn's claims was the conduct of Palmer, Reifler, and not Sephora.

Defendant's entire defense of this litigation appears to hinge on a single, aberrant decision from the 11th Circuit which, in any event, is wholly inapposite on the facts here, as it involved an indemnity provision that bears no resemblance to the provision in the parties' Engagement Letter. Defendant will apparently contend that unless: (1) it has admitted fault, or (2) the underlying case has been tried to a judgment and the Defendant has been found liable, Defendant has no duty to defend (see below). Plaintiff strongly disagrees, contending that the position is contrary to established law, would render the duty to defend superfluous by conflating it with the duty to indemnify (and the agreement to defend illusory), and would create perverse incentives by encouraging an indemnitee such as Sephora not to mount a vigorous defense and instead to concede liability in order to obtain indemnity.

### Defendant Palmer, Reifler's Statement:

### BACKGROUND

The parties agree that the scope of the indemnity and defense clause to be found at Section 5 of the parties' 2005 business Agreement is governed by Florida law.

Sephora USA, Inc. alleges that its former Florida law firm, defendant Palmer, Reifler breached a contractual obligation to "reimburse" over $219,000.00 in attorney fees and costs Sephora allegedly incurred to bring a successful initial motion to strike a putative class action complaint filed in state court, *Tamera Renn, plaintiff v. Sephora USA, Inc.,* Los Angeles Superior Court case BC 551523. Defendant Palmer, Reifler, was not a party to the *Renn* case.

---

[2] These same form demand letters are the subject of a different suit brought against both Palmer Reifler and Palmer Reifler client, The Pep Boys, which is currently pending before Magistrate Judge Corley. *Lee v. The Pep Boys, Palmer Reifler, et al.,* No. 3:12-cv-05064-JSC (N.D. Cal.).

6

Case Number: 3:15-cv-05750-JCS

*JOINT CASE MANAGEMENT REPORT*

*SF01DOCS\274147.1*

Sephora is suing PRA solely for breach of an alleged duty to reimburse, not breach of an alleged duty to defend, as we discuss at length in the pending 12c motion. See Sephora complaint at ¶¶ 16, 19:

. 16. Despite continuing and repeated requests, PRA has **failed to reimburse** Sephora for the costs and fees incurred in the defense of the *Renn* matter.

17. The Agreement is a valid contract.

18. Sephora has fully performed its obligations under the Agreement.

19. **PRA's refusal to reimburse Sephora for costs incurred in defense of the Renn matter is a material breach of its obligations** under the Agreement (Emphasis added)."

Sephora filed the special motion to strike at the outset of the *Renn* case. The *Renn* case was dismissed at Sephora's request under the California anti-SLAPP statute, California Code of Civil Procedure Section 425.16 *et seq*. because the acts and omissions Renn alleged in the *Renn* complaint were all in furtherance of Sephora's constitutional right to speak and petition, and were protected by the California litigation privilege as well.

Sephora's attorneys' fees and costs, which it seeks now as damages, were allegedly charged by its attorneys at Bryan Cave in Los Angeles and San Francisco, for bringing the successful motion to strike the *Renn* complaint. Bryan Cave also represents Sephora here.

The state court plaintiff, Tamera Renn, is the parent of the then-minor child Shannon Renn. Shannon attempted to steal merchandise from a Sephora store in Glendale, California. Sephora personnel detained her. Sephora asked Palmer, Reifler to seek compensation from Shannon's parent Tamera pursuant to California common law and California Penal Code Section 490.5(a), which specifies that the retailer is entitled to all possible remedies retailer victims may pursue from the parent or guardian, which include those available to the retailer under Civil Code Sections 3336, second part [allowing the victim of conversion to receive compensation for the costs of investigation], and 3294, for exemplary damages.

Renn's complaint alleged that Sephora injured her at its Glendale store by invading her privacy and subjecting her to an unreasonable search and seizure there. Renn complaint ¶¶ 14, 90. She also

7

asked the Superior Court to enjoin Sephora against such alleged detention practices in her fourth purported claim for declaratory relief.

Renn alleged, among other things, that three letters Palmer, Reifler sent to her and her attorney, were unfair, unlawful, deceptive and fraudulent. However, as we review in depth in the pending motion for judgment on the pleadings, Renn specifically alleged that Sephora's acts and omissions made the letters unfair, deceptive, fraudulent and unlawful, *e.g.* [1] that Sephora directed its attorneys at Palmer, Reifler to seek more money in settlement from Renn and the putative class than California law allows; [2] deprived the attorneys of information they should have had about the Renn incident in Glendale before contacting her; and [3] never authorized any of its attorneys anywhere, including but not limited to Palmer, Reifler, to sue shoplifters, thereby allegedly making an implicit threat of suit deceptive.

Renn made sure that her complaint could not be construed as being for vicarious liability for what the lawyers at PRA did or did not do. Her complaint alleged, for example, at preliminary ¶ 4 that Sephora was a "knowing participant" at all times in an "unlawful scheme" she describes over the subsequent 88 paragraphs of the complaint. Renn also sued Sephora for punitive damages, which cannot be imposed for vicarious liability.

## CONTROLLING FLORIDA LAW

The parties have submitted briefing as to whether the current complaint states a claim for breach of a written contract for reimbursement. Hearing is set for May 13, 2016. See Palmer, Reifler's motion for judgment on the pleadings, Dkt. No.31. In that briefing, they agree that the indemnity and defense clause of their 2005 Agreement is governed by the Florida choice of law provision.

## PRELIMINARY LEGAL ISSUES:

1. Whether this Court will apply the substantive law of Florida to this diversity action, based upon a choice of law provision in the 2005 agreement for legal services.

2. Whether plaintiff Sephora USA, Inc. has standing to enforce the 2005 contract for legal services between defendant Palmer, Reifler and Sephora USA, *LLC* – the 2005 legal services agreement identifies the LLC as the only law firm client.

8

Case Number: 3:15-cv-05750-JCS

*JOINT CASE MANAGEMENT REPORT*

*SF01DOCS\274147.1*

3. Whether the mutual express indemnity and defense provision of the 2005 Agreement applies to the purported class action lawsuit brought by Tamera Renn against Sephora. The mutual defense and indemnity clause does not protect or provide a defense to the indemnitee against claims arising from the indemnitor's work or alleged work, but instead protects the indemnitee only from claims or lawsuits directly arising from the indemnitor's actual, not potential, *negligence or improper conduct*. Palmer, Reifler has not admitted or been found to be at fault with regard to the letters Renn received, nor could it be, given the success of the Sephora motion to strike the Renn complaint on constitutional and privilege grounds as to PRA's letters to her, see *Natl. R.R. Passenger Corp. v. Rountree Transport and Rigging, Inc.,* 286 F.3d 1233, 1261-63 (11th Cir. 2002*) certified question answered sub nom. Am. Home Assur. Co. v. Natl. R.R. Passenger Corp.,* 908 So. 2d 459 (Fla. 2005).

4. Whether the *Renn* lawsuit alleges <u>sole fault on the part of Sephora USA, Inc</u>., and if so, do Renn's allegations fall outside the scope of the indemnity and defense clause because alleged or actual fault on the part of the indemnitee is not contemplated by the indemnity clause. *Cox Cable Corp. v. Gulf Power Co.,* 591 So.2d 627, 629 (Fla. 1992) (quoting *Charles Poe Masonry, Inc. v. Spring Lock Scaffolding Rental Equip. Co.,* 374 So.2d 487, 489 (Fla. 1979)); *University Plaza Shopping Center v. Stewart,* 272 So.2d 507, 511 (Fla. 1973).

5. Whether the *Renn* lawsuit alleges <u>joint fault on the part of Sephora and Palmer, Reifler</u>, and if so, whether such allegations of joint fault fall outside the scope of the defense and indemnity clause, which is phrased in only general language. *Cox Cable Corp. v. Gulf Power Co.,* 591 So.2d 627, 629 (Fla. 1992) (quoting *Charles Poe Masonry, Inc. v. Spring Lock Scaffolding Rental Equip. Co.,* 374 So.2d 487, 489 (Fla. 1979)); *University Plaza Shopping Center v. Stewart,* 272 So.2d 507, 511 (Fla. 1973).

6. If Sephora USA, Inc. is entitled to reimbursement, is it entitled to reimbursement of only *reasonable* fees and costs, as no provision of the 2005 Agreement allows either party to obtain actual fees and costs.

7. Did Sephora fail to mitigate its damages by failing to seek or obtain reimbursement of attorney fees and costs in the *Renn* case from the unsuccessful plaintiff, despite the clear command of

9

California Code of Civil Procedure Section 425.16(c)(1) that the Superior Court must award the successful defendant a mandatory award of reasonable fees and costs?

8. Are Bryan Cave law firm attorneys able to prosecute this action as they must also appear as witnesses on behalf of the alleged reasonableness of Sephora's fee and cost claim exceeding $200,000.00 to file a motion to strike, see California Rule of Court 5-210. (After months of inquiries from PRA counsel, Sephora counsel for the first time, within the last week, has represented that the attorneys who worked on the *Renn* case have all left his firm.)

**4.     Motions**

*All prior and pending motions, their current status, and any anticipated motions.*

Defendant has filed a motion for judgment on the pleadings to be heard May 13, 2016. If that motion is not completely successful, defendant likely will file a motion to transfer pursuant to 28 USC Section 1404(a) to be heard in late July. Defense counsel will be absent from late June to mid July to get married. If the plaintiff files an amended complaint, PRA will also likely file a motion to dismiss for reasons discussed in the pending 12c motion.

Plaintiff intends to move for an early summary judgment motion. Because the issue of Palmer, Reifler's liability is an issue of law, to be determined upon the allegations of the *Renn* complaint and the Agreement, discovery will be limited, allowing for an early summary judgment motion.

**5.     Amendment of Pleadings**

*The extent to which parties, claims, or defenses are expected to be added or dismissed and a proposed deadline for amending the pleadings.*

**Plaintiff's Statement:**

In the event Defendant intends to assert in a Rule 12(c) motion that Plaintiff lacks standing because the Agreement is between Sephora USA, LLC and Defendant, while Plaintiff was sued and sues Palmer Reifler as Sephora USA, Inc., Plaintiff may, if the Court believes it advisable, seek leave to amend the complaint to provide additional facts regarding Sephora USA, LLC's corporate conversion and name change to Sephora USA, Inc. Plaintiff strongly believes amendment of the complaint is

unnecessary because, under Delaware law, conversion from an LLC to a corporation does not create a new or different entity, nor affect the rights or obligations of the LLC. Del. Code Ann. tit. 8, § 265(e), (f). The Certificate of Conversion issued by the Delaware Secretary of State is subject to judicial notice, and could be considered by the Court on a motion for judgment on the pleadings. However Plaintiff believes it would be a tremendous waste of party and judicial resources to address this non-issue by motion practice. Accordingly, in an effort to narrow the issues for decision by the Court, Plaintiff supplied defense counsel with a copy of Sephora's Certificate of Conversion several weeks ago, as well as citations to the relevant code provisions. Plaintiff asked defense counsel to clarify whether he was satisfied with the offer of proof, but defense counsel has declined to say.

**Defendant Statement:**

PRA does not presently anticipate amending the Answer.

**6.** **Evidence Preservation**

*A brief report certifying that the parties have reviewed the Guidelines Relating to the Discovery of Electronically Stored Information ("ESI Guidelines"), and confirming that the parties have met and conferred pursuant to Fed. R. Civ. P. 26(f) regarding reasonable and proportionate steps taken to preserve evidence relevant to the issues reasonably evident in this action. See ESI Guidelines 2.01 and 2.02, and Checklist for ESI Meet and Confer.*

The parties have conferred pursuant to FRCP 26(f) and have confirmed that they have taken steps to preserve any relevant evidence.

**7.** **Disclosures**

*Whether there has been full and timely compliance with the initial disclosure requirements of Fed. R. Civ. P. 26 and a description of the disclosures made.*

The parties made Initial Disclosures on March 16, 2016.

**8.** **Discovery**

*Discovery taken to date, if any, the scope of anticipated discovery, any proposed limitations or modifications of the discovery rules, a brief report on whether the parties have considered entering into*

11

Case Number: 3:15-cv-05750-JCS

*JOINT CASE MANAGEMENT REPORT*

*SF01DOCS\274147.1*

*a stipulated e-discovery order, a proposed discovery plan pursuant to Fed. R. Civ. P. 26(f), and any identified discovery disputes.*

No discovery has been taken. The parties agree that discovery should commence only after the defense motions for judgment on the pleadings and for transfer are decided. Defendant adds, however, that if the Court allows only a limited period within which to conduct percipient discovery, discovery may have to commence before both motions are decided.

**9.  Class Actions**

*If a class action, a proposal for how and when the class will be certified.*

Not Applicable

**10.  Related Cases**

*Any related cases or proceedings pending before another judge of this court, or before another court or administrative body.*

Not Applicable

**11.  Relief**

*All relief sought through complaint or counterclaim, including the amount of any damages sought and a description of the bases on which damages are calculated. In addition, any party from whom damages are sought must describe the bases on which it contends damages should be calculated if liability is established.*

Plaintiff seeks to recover its costs of defense incurred in the *Renn* litigation, including reasonable attorneys' fees and costs, and interest thereon, as well as costs and fees incurred in the instant litigation pursuant to the Agreement.

Defendant believes that the motion to strike did not require $219,000.000 or more of attorney fees, as it was straightforward and simple.

12

Case Number: 3:15-cv-05750-JCS

*JOINT CASE MANAGEMENT REPORT*

**12.    Settlement and ADR**

*Prospects for settlement, ADR efforts to date, and a specific ADR plan for the case, including compliance with ADR L.R. 3-5 and a description of key discovery or motions necessary to position the parties to negotiate a resolution.*

The parties stipulate to court mediation services after the defense motions are decided, if the case remains in this District.

**13.    Consent to Magistrate Judge For All Purposes**

*Whether **all** parties will consent to have a magistrate judge conduct all further proceedings including trial and entry of judgment.   __x__ YES      ____ NO*

**14.    Other References**

*Whether the case is suitable for reference to binding arbitration, a special master, or the Judicial Panel on Multidistrict Litigation.*

**15.    Narrowing of Issues**

*Issues that can be narrowed by agreement or by motion, suggestions to expedite the presentation of evidence at trial (e.g., through summaries or stipulated facts), and any request to bifurcate issues, claims, or defenses.*

**16.    Expedited Trial Procedure**

*Whether this is the type of case that can be handled under the Expedited Trial Procedure of General Order 64, Attachment A.  If all parties agree, they shall instead of this Statement, file an executed Agreement for Expedited Trial and a Joint Expedited Case Management Statement, in accordance with General Order No. 64, Attachments B and D.*

**17.    Scheduling**

*Proposed dates for designation of experts, discovery cut-off, hearing of dispositive motions, pretrial conference and trial.*

**Plaintiff's Statement:**

Plaintiff proposes the following schedule based on the assumption that defense motions for judgment on the pleadings and to transfer should be able to be resolved within the next five months, or by July 1, 2016, and in light of the fact that the determination of Defendant's liability is largely a question of law, which requires only limited discovery. In particular, Plaintiff does not agree with (or believe that Defendant actually believes), that extensive discovery is necessary, or that additional motions from Defendant are forthcoming. Defendant's goal appears to be simply to delay the inevitable with threats of dilatory motion practice and wholly unnecessary discovery.

Plaintiff therefore proposes the following schedule:

Close of Fact Discovery: September 30, 2016

Designation of Experts with Reports: October 14, 2016

Designation of Rebuttal Experts with Reports: October 28, 2016

Close of Expert Discovery: November 30, 2016

Last Day for Hearings on Dispositive Motions: January 13, 2017

Final Pretrial Conference: February 17, 2017

Trial: March 10, 2017

Plaintiff further objects to Defendant's proposed schedule in that it would require Plaintiff to file any expert report before Defendant, and also provides for rebuttal reports. Plaintiff believes it is more appropriate and efficient to require both parties to submit reports and rebuttal reports simultaneously.

**Defendant's Statement:**

The defense believes that the plaintiff's timetable is way too ambitious, because the parties will have only about 60 days under it from the expected decision on the current and possible future defense motions and the close of percipient discovery.

If the pending motion for judgment on the pleadings is denied in its entirety on or after May 13, 2016, defendant will file a motion to transfer to the Middle District of Florida within 10 court days. If the motion for judgment on the pleadings is not denied and if leave to amend is granted, defendant

14

Case Number: 3:15-cv-05750-JCS

*JOINT CASE MANAGEMENT REPORT*

*SF01DOCS\274147.1*

would likely file a motion to dismiss and a motion to transfer at the same time. Assuming that an amended complaint is filed by mid-June, we would file not later than the end of July, but not sooner, as defense counsel is getting married on July 9.

If the pending or future motions do not result in dismissal or transfer, we expect that there will be discovery by PRA on the reasonableness of the fee and cost claim Sephora brings – it seeks over $219,000.00 for filing the special motion to strike the *Renn* complaint. Based upon preliminary remarks from their counsel, we expect that discovery motion practice will be required, because Sephora will refuse to produce *any attorney time records, any time entries, or any detailed bills* (other than those stating monthly totals sent to Sephora from its lawyers at Bryan Cave).

Assuming that the court does not dismiss or transfer, we would propose that percipient witness and other non expert discovery be allotted through January 13, 2017, to commence following denial of the likely transfer motion.

We have identified several ex-Sephora witnesses in our Initial Disclosures, and their whereabouts are unknown. These witnesses may have probative information concerning the intentions of the parties if that becomes an issue about which the court desires evidence to resolve the dispute concerning the scope of the parties' indemnification and defense clause. These witnesses also likely will establish that Sephora negotiated, and always understood the meaning of the 2005 Agreement.

Sephora's former attorneys at Bryan Cave who defended the Renn case reportedly no longer work for the firm. Their depositions will be required to test Sephora's claims that the charges Sephora incurred to defend the Renn case were reasonable. Additionally, the deposition of knowledgeable Sephora witnesses, including its GC Mr. Baysinger will be required. He corresponded directly with PRA, and insisted in writing that PRA owed the plaintiff reimbursement for the fees it anticipated as of July 24, 2015, 10 days after the Renn case was filed.

Additionally, the defense has posed a failure to mitigate affirmative defense based on Sephora's failure to get a mandatory attorney fee award from Ms. Renn as was its absolute right under Section 425.16(c). The defense posed the question as to why this was so on January 27, 2016, and was

15

effectively told that the information is irrelevant.  We may be required to depose Sephora's corporate representative as well as Ms. Renn and her counsel to discover why Sephora did not seek the award. Sephora has disclosed Ms. Renn and her attorney as witnesses.

Our proposed timetable is as follows:

Close of Fact Discovery:  January 13, 2017

Designation of Experts with Reports by plaintiff:  January 27, 2017

Designation of Experts with Reports by defendant:  February 10, 2017

Rebuttal expert reports and disclosures:  February 24, 2017

Close of Expert Discovery:  March 17, 2017

Last Day for Hearings on Dispositive Motions:  April 28, 2017

Final Pretrial Conference:  May 26, 2017

Trial:  June 5, 2017

**18. Trial**

*Whether the case will be tried to a jury or to the court and the expected length of the trial.*

      Plaintiff has not requested a jury trial.

      Defendant has.

**19. Disclosure of Non-party Interested Entities or Persons**

*Whether each party has filed the "Certification of Interested Entities or Persons" required by Civil Local Rule 3-15.  In addition, each party must restate in the case management statement the contents of its certification by identifying any persons, firms, partnerships, corporations (including parent corporations) or other entities known by the party to have either: (i) a financial interest in the subject matter in controversy or in a party to the proceeding; or (ii any other kind of interest that could be substantially affected by the outcome of the proceeding.*

**20. Professional Conduct**

*Whether all attorneys of record for the parties have reviewed the Guidelines for Professional Conduct for the Northern District of California.*

Counsel for both parties have reviewed the Guidelines for Professional Conduct.

16

Case Number: 3:15-cv-05750-JCS

*JOINT CASE MANAGEMENT REPORT*

*SF01DOCS\274147.1*

**21.** **Other**

*Such other matters as may facilitate the just, speedy and inexpensive disposition of this matter.*

Dated: May 6, 2016 /s/ Daniel T. Rockey
Daniel T. Rockey
Bryan Cave, LLP
Counsel for Plaintiff Sephora USA, Inc.

Dated: May 6, 2016 /s/ John N. Dahlberg
John N. Dahlberg
Dillingham & Murphy
Counsel for Defendant Palmer, Reifler & Associates

Case Number: 3:15-cv-05750-JCS

*JOINT CASE MANAGEMENT REPORT*

*SF01DOCS\274147.1*

| | |
|---|---|
| 1 | <u>CASE MANAGEMENT ORDER</u> |
| 2 | The above JOINT CASE MANAGEMENT STATEMENT & PROPOSED ORDER is approved |
| 3 | as the Case Management Order for this case and all parties shall comply with its provisions. [In addition, |
| 4 | the Court makes the further orders stated below:] |
| 7 | IT IS SO ORDERED. |
| 8 | Dated: |
| 9 | UNITED STATES DISTRICT/MAGISTRATE JUDGE |