1

**BRYAN CAVE LEIGHTON PAISNER, LLP**
Daniel Rockey, California Bar No. 178604
2  Joseph J. Poppen, California Bar No. 239282
Three Embarcadero Center, 7th Floor
3  San Francisco, CA 94111-4070
Telephone:  (415) 675-3400
4  Facsimile:  (415) 675-3434
Email: daniel.rockey@bryancave.com
5  Email: joseph.poppen@bryancave.com

6  Attorneys for Plaintiff
SEPHORA USA, INC.

7

8              **UNITED STATES DISTRICT COURT**

9              **NORTHERN DISTRICT OF CALIFORNIA**

10                 **SAN FRANCISCO DIVISION**

11

12  SEPHORA USA, Inc.,                    CASE NO. 3:15-cv-05750-JCS

13          Plaintiff,                    **DECLARATION OF DANIEL ROCKEY**
                                          **IN SUPPORT OF PLAINTIFF'S**
14      v.                                **RENEWED MOTION TO ENFORCE**
                                          **SETTLEMENT AGREEMENT AND FOR**
15  PALMER, REIFLER & ASSOCIATES, a       **ENTRY OF CONSENT JUDGMENT**
    Florida Corporation,
16                                        Date:  January 11, 2018
            Defendant.                    Time:  9:30 a.m.
17                                        Courtroom: G

18                                        Chief Magistrate Judge Joseph C. Spero
                                          450 Golden Gate Avenue,
19                                        San Francisco, CA 94102
                                          Action Filed: December 15, 2015
20                                        Trial Date: None

21

22

23

24

25

26

27

28

BRYAN CAVE LEIGHTON PAISNER LLP
THREE EMBARCADERO CENTER, 7TH FLOOR
SAN FRANCISCO, CA 94111-4070

# DECLARATION OF DANIEL ROCKEY

I, Daniel Rockey declare as follows:

1.     I am an attorney licensed to practice law in the State of California.  I am a Partner with the law firm of Bryan Cave Leighton Paisner LLP, counsel of record for plaintiff Sephora USA, Inc. ("Plaintiff") in this matter.  I have personal knowledge of the matters set forth in this Declaration and if called upon to testify in court, I could and would competently do so.

2.     Plaintiff filed its complaint against Defendant Palmer, Riefler & Assoc., PA ("Defendant") in this Court on December 15, 2015.  Dkt. 1.  Plaintiff and Defendant jointly sought and received a referral from the Court to Magistrate Judge Sallie Kim for a settlement conference, which commenced on March 7, 2017.  *See* Dkt. 78.  Judge Kim facilitated subsequent negotiations through April 14, 2017.  With Judge Kim's assistance, the parties reached a settlement in principle and prepared a written settlement agreement ("Settlement Agreement"), which required Defendant to make a series of monthly payments to Plaintiff until the specified settlement amount was paid off.[1]  As part of the Settlement Agreement, the parties agreed on a form of provisionally confidential Consent Judgment, which the parties agreed would be entered in the event Defendant defaulted on its payment obligations.  Pursuant to the Settlement Agreement, in the event Defendant missed a payment, Defendant had a grace period of 8 days following receipt of notice of a missed payment in which to cure.  If Defendant failed to cure the missed payment within the grace period, Defendant would be in default and Plaintiff would be entitled to entry of the Consent Judgment.  A true and correct copy of the parties' fully executed June 19, 2017 Settlement Agreement is attached hereto as **Exhibit A**.

3.     The first payment under the Settlement Agreement, the date of which was tied to the execution of the Settlement Agreement, was timely made on or about July 10, 2017, in the amount of $4,444.44.  On August 4, 2017, and pursuant to Section 5 of the Settlement Agreement, the parties agreed to "mak[e] the monthly due date the 9th, unless it falls on a Holiday, in which

---

[1] Defendant underwent certain corporate changes during the litigation and entered into the Settlement Agreement as Palmer Recovery Attorneys, LLC, Successor to Law Offices of Palmer, Reifler & Associates P.A., and sued in the Action as "Palmer, Reifler & Associates, P.A.

DECLARATION OF DANIEL ROCKEY ISO RENEWED MOTION TO ENFORCE
12301147.2

BRYAN CAVE LEIGHTON PAISNER LLP
THREE EMBARCADERO CENTER, 7TH FLOOR
SAN FRANCISCO, CA 94111-4070

case it is advanced to the next business day." True and correct copies of the communications by which the parties agreed that Defendant would make payment on the 9th of each month are attached hereto as **Exhibit B**.

4.      Notwithstanding the parties' agreement, I was notified on or about August 11, 2017 that Defendant had failed to make the August payment. I notified Defendant's counsel by email of the missed payment for August. After being notified of the missed payment, Defendant made the payment on August 15, 2017.

5.      I was notified by Sephora that Defendant also failed to make the September payment and provided notice to Defendant of the missed payment. The September payment was eventually received on September 25, 2017.

6.      In October 2017, I was again notified that Defendant had failed to make payment. Consistent with the process set forth in the Settlement Agreement, I sent a letter by overnight delivery to Defendant's counsel on October 11, 2017 providing notice of the missed payment and demanding prompt payment. A true and correct copy of that letter is attached hereto as **Exhibit C**. Defendant eventually made the payment on October 18, 2017.

7.      In January 2018, I was informed once again that Defendant had failed to make payment. As a result on January 22, 2018, I again sent notice by overnight delivery to Defendant's counsel demanding that payment be made. A true and correct copy of that letter is attached hereto as **Exhibit D**. The payment was eventually made on January 30, 2018.

8.      Defendant again failed to make payment for February 2018. As a result, on February 16, 2018, I again wrote to Defendant's counsel giving notice of Defendant's default and demanding that the February 2018 payment be made. A true and correct copy of that letter is attached hereto as **Exhibit E.** Once again, it was only after I provided notice of default and demanded payment that the February 2018 payment was made, on February 23.

9.      I was again notified that Defendant failed to make the March 2018 payment. As a result, on March 15, 2018, I again sent notice by overnight delivery to Defendant's counsel and demanded that the March 2018 payment be made. A true and correct copy of that letter is attached

BRYAN CAVE LEIGHTON PAISNER LLP
THREE EMBARCADERO CENTER, 7TH FLOOR
SAN FRANCISCO, CA 94111-4070

hereto as **Exhibit F.** Once again, it was only after I provided notice of default that Defendant made the payment (on March 21, 2018).

10.     Defendant then failed to make both the April and May 2018 payments. As a result on May 29, 2018, I once again wrote Defendant to provide notice of Defendant's failure to pay and to demand that the April and May 2018 payments be made immediately. A true and correct copy of that letter is attached hereto as **Exhibit G**. The April and May payments were eventually made on June 6, 2018.

11.     When Defendant failed to make the June 2018 payment, I again sent Defendant a letter on June 15, 2018, giving notice of Defendant's default and demanding payment. In my June 2018 letter, I also warned Defendant that its continued failure to make payment, forcing Plaintiff to have to send notice, and only making payment after receiving such notice, represented a breach of the duty of good faith and fair dealing. The June payment was eventually made on June 26, 2018. True and correct copies of my letters to Defendant's counsel through June 26, 2018 are attached hereto as **Exhibit H**.

12.     Ignoring the warnings in my June 15, 2018 correspondence, Defendant failed to make both the July and August 2018 payments. As a result, I once again sent a letter by overnight delivery to Defendant's counsel, dated September 5, 2018, which gave notice of Defendant's default and demanded payment of the July and August payments. A true and correct copy of my September 5, 2018 correspondence is attached hereto as **Exhibit I**. Because the letter was sent by overnight delivery, it would have been received by Defendant's counsel on September 6, 2018. I am informed by Sephora that the Defendant failed to make the funds for the July and August payments available to Sephora until September 17, 2018, beyond the 8 day grace period provided in the Settlement Agreement.

12.     On or about November 12, 2018, I spoke with Defendant's counsel, John Dahlberg, about Plaintiff's motion and his client's repeated failure to make its payments. In that discussion, Mr. Dahlberg took the position that his client was under no obligation to make any payments under the Settlement Agreement unless and until Plaintiff sent notice of a missed payment by overnight delivery.

BRYAN CAVE LEIGHTON PAISNER LLP
THREE EMBARCADERO CENTER, 7TH FLOOR
SAN FRANCISCO, CA 94111-4070

13.     On November 19, 2018, I was informed by Sephora, Stefan Jensen, that as of November 19, 2018, Defendant has failed to make either the September, October or November 2018 payments.

I declare under penalty of perjury under the laws of the State of California that the facts set forth above are true and correct.  Executed this 20th day of November 2018, at San Francisco California.

Dated:  November 20, 2018          **BRYAN CAVE LEIGHTON PAISNER, LLC**

By:    _/s/ Daniel Rockey_
                Daniel Rockey
                Attorneys for Plaintiff
                SEPHORA USA, INC.

BRYAN CAVE LEIGHTON PAISNER LLP
THREE EMBARCADERO CENTER, 7TH FLOOR
SAN FRANCISCO, CA 94111-4070

# EXHIBIT A

## SETTLEMENT AGREEMENT AND RELEASE

This Settlement Agreement and Release ("Settlement Agreement") is entered on the respective dates set forth below, and is effective June ____, 2017, between Plaintiff Sephora USA, Inc. ("Sephora" or "Plaintiff"), and Palmer Recovery Attorneys, PLLC, successor in interest to Law Offices of Palmer, Reifler & Associates P.A., sued herein as "Palmer, Reifler & Associates, P.A." ("Defendant") (collectively referred to herein as "the parties.")

## RECITALS

A.    Plaintiff filed a complaint on December 15, 2015, in the United States District Court, Northern District - San Francisco, Case No. 3:15-cv-05750-JCS, entitled Sephora USA, Inc. v. Palmer, Reifler & Associates, a Florida Corporation. ("the Action").

B.    The parties participated in mediation pursuant to United States District Court ADR L.R. 6 before Shirish Gupta, Esq. at JAMS (San Francisco) on August 30, 2016 and January 18, 2017. The parties jointly sought and received a referral from the Court to United States Magistrate Judge Sallie Kim for a settlement conference which commenced on March 7, 2017. Judge Kim facilitated subsequent negotiations through April 14, 2017.

C.    The parties reached a settlement of the Action in principle subject to approval of certain documents pursuant to the efforts of Judge Kim.

D.    Plaintiff and Defendant now wish to settle all of Plaintiff's claims against Defendant.

NOW, THEREFORE, for valuable consideration, including, without limitation, the mutual covenants and conditions set forth in this Settlement Agreement, the parties hereby agree as follows:

1.    **Incorporation of Recitals.** The foregoing recitals are incorporated into this Settlement Agreement by this reference as if set forth in full.

2.    **Settlement Payments.** Plaintiff and Defendant agree that Defendant will pay Plaintiff $160,000.00 in 36 equal payments of $4,444.44, except as provided in Paragraph 6 below.

3.    **Payment Method.** The parties agree that Defendant shall make funds available to Plaintiff through the ACH system of payments. The parties agree reasonably to confer, and to execute all documents which are necessary to provide for payments to be made in this manner.

4. **Date of First Payment.** The first payment by Defendant is due on the latter of these two dates: either May 1, 2017, or 15 calendar days after the completion of *all* of the following: [1] the full execution by both parties of this Settlement Agreement; [2] the filing in the Action of a stipulation authorized by both parties' attorneys of record necessary to cause the dismissal of the Action with prejudice and to ask the Court to retain jurisdiction of the Action; [3] the approval by Defendant and its attorneys of a provisionally confidential stipulation for judgment to be filed in the Action consistent with the provisions of paragraph 6, below, and to be drafted by Plaintiff; and [4] the approval by Defendant and its attorney of a provisionally confidential form of judgment to be filed in the Action consistent with the provisions of paragraph 6, below, and to be drafted by Plaintiff.

   a. The parties will confer beforehand reasonably to confirm the date of the first payment due under this Settlement Agreement.

5. **Dates of Subsequent Payments.** Defendant will make the second payment thirty (30) calendar days after the first payment is due. The third through the thirty-sixth payments will be made thirty (30) days after the immediately prior payment by Defendant is due. However, if the payment to be made falls on a Bank Holiday or during a Hurricane or other natural disaster affecting Orlando, Florida such that payment cannot be completed by Defendant or its financial institution through no fault of Defendant, the first day payment is due will be extended to the first business day in which the financial institution can process the payment transaction. In the event of such Holiday or natural disaster, the dates of all subsequent payments ordinarily to be made on 30 day intervals will be made commencing 30 days after the extended payment date.

6. **Default.** If Defendant fails to make any monthly payment to Plaintiff timely and fails to cure as described herein, Defendant will owe Plaintiff $175,000.00, consisting of the $160,000 Defendant agreed to pay plus an additional amount of $15,000 which the parties agree is a reasonable estimate of the additional costs to be incurred by Plaintiff to enforce the judgment to be filed and entered pursuant to this paragraph in the event of default by Defendant. The parties agree that the actual costs Plaintiff is likely to incur in enforcing said judgment is difficult to ascertain given the presence of secured and unsecured creditors of Defendant. Defendant shall be permitted to subtract from the amount of $175,000 the total of payments Defendant has previously made to Plaintiff. The $175,000 minus the total of any payments made as of the date of default is the Default Amount. Defendant shall owe the Default Amount if and only if

2



Defendant fails to cure the monthly payment deficiency or omission by making full payment within eight (8) calendar days of receiving a written notice from Plaintiff saying in substance that Defendant has failed to make the required payment in part or in full ("Notice"). The parties agree that in the event Defendant shall default and fail to cure that default, the Default Amount shall become immediately due and owing. Any such written Notice required to be given to Defendant under this paragraph must be sent by Plaintiff by Overnight Delivery to defense counsel Dillingham Murphy, 601 Montgomery Street, Suite 1900, San Francisco, CA 94111, Attention John Dahlberg, Esq.

 a. Defendant may designate an alternative person to receive the Notice by informing Plaintiff not fewer than twenty-one (21) days prior to a scheduled payment date of the contact information of the designee.

 b. Plaintiff may file the otherwise provisionally private stipulation for judgment and form of judgment approved by Defendant under this Settlement Agreement only in the event that Defendant defaults and fails to cure as provided in this paragraph 6.

 7.  <u>Court's Retention of Jurisdiction</u>. Plaintiff and Defendant agree that the Court's agreement to retain jurisdiction over this matter until such time as the last payment has been made by Defendant under this Settlement Agreement is a material term of this Settlement Agreement. In the event that the Court does not agree to retain jurisdiction for such period, this Settlement Agreement is null and void.

 8.  <u>Release and Waiver of Civil Code Section 1542.</u>
With the exception of the obligations and rights set forth in this Settlement Agreement, Plaintiff, as well as its predecessors, heirs, successors and assigns (including but not limited to Sephora, USA, LLC), in consideration of the promises and covenants set forth herein, hereby releases Palmer Recovery Attorneys, PLLC, successor in interest to the Law Offices of Palmer, Reifler & Associates P.A., (and sued herein as "Palmer, Reifler & Associates, P.A) and its respective employees, agents, officers, directors, partners, shareholders, managing agents, predecessors, heirs, successors and assigns (collectively "affiliated entities") from any and all claims, debts, rights, liabilities, damages, costs, expenses, attorneys' fees, set-offs, and causes of action of every kind, nature and description, fixed or contingent, as is alleged or which arise out of the matters alleged by Plaintiff in the Action.



3

Plaintiff's release of Palmer Recovery Attorneys, PLLC, and its affiliated entities is made and given with full knowledge and the specific intent to release all specified claims, both known and unknown, against the Defendant and its affiliated entities identified herein. Plaintiff therefore specifically acknowledges and waives the application of Section 1542 of the California Civil Code, which reads as follows:

> A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS FAVOR AT THE TIME OF EXECUTING THE RELEASE, WHICH IF KNOWN BY HIM MUST HAVE MATERIALLY AFFECTED HIS SETTLEMENT WITH THE DEBTOR.

Plaintiff, being aware of Civil Code Section 1542, hereby expressly waives any rights which it may have under this law with regard to the matters released herein, as well as under any other statutes or common-law principles of similar effect.

9. **Dismissal of Action by Plaintiff.** Within five days after the delivery and execution of this Settlement Agreement, and approval by Defendant of the provisionally confidential stipulation for judgment and judgment, Plaintiff shall cause to be entered in the United States District Court, Northern District – San Francisco, a stipulation for dismissal with prejudice of all claims asserted in the Action as to Law Offices of Palmer, Reifler & Associates P.A., sued herein as "Palmer, Reifler & Associates, P.A." and its successor in interest Palmer Recovery Attorneys, PLLC.

10. **Covenant Not to Sue.** With the exception of the obligations and rights set forth in this Settlement Agreement, Plaintiff acknowledges that it will never institute any litigation, lawsuit, claim, demand or action, at law or in equity against Law Offices of Palmer, Reifler & Associates P.A., sued herein as "Palmer, Reifler & Associates, P.A." and its successor in interest Palmer Recovery Attorneys, PLLC and their affiliates arising out of the Action or related to any claims released in Paragraph 8, above. However, Plaintiff may file the stipulation and form of judgment in the amount of $175,000.00 (minus payments Defendant has made to it) under the terms of this Settlement Agreement pursuant to the conditions of paragraph 6, above, notwithstanding the provisions of this paragraph, and may pursue any and all available remedies necessary to enforce said judgment, notwithstanding the foregoing covenant not to sue.

11. **Waiver of Defenses.** Defendant hereby irrevocably waives any defenses to the Court entering the judgment specified in paragraph 6 of this agreement other than proof that

4



Defendant did not default or cured as provided in paragraph 6. Defendant expressly and irrevocably waives any claim that any part of the amount due under the judgment constitutes an unlawful penalty.

12. <u>Confidentiality and Disparagement</u>. Each party to this Settlement Agreement agrees that the amount of consideration and nature of the settlement is confidential, and will not be disclosed by either side to any third parties apart from tax preparers, auditors, accountants, attorneys, or in response to subpoenas or court or other governmental orders requiring disclosure of such confidential information.

    a. The stipulation for judgment and form of judgment identified above at paragraph 4 shall be treated as confidential under the terms of paragraph 12 unless and until such documents are filed in the Action after a Default by Defendant, as is described in paragraph 6.

Neither party may make any criticism, disparagement or negative remarks as to the other to any third party except as its own officers, directors, partners, and managing agents are compelled to give testimony by court order, subpoena or lawful discovery. Notwithstanding the provisions of this paragraph, the parties may state that they were involved in litigation which has been resolved amicably, and that defendant once provided legal services to plaintiff.

13. <u>No Assignments</u>. Plaintiff acknowledges that there has been no assignment or other transfer of interest in the Action to any other person or entity who is not a party to this Settlement Agreement, and that no such assignment or transfer will be made in the future. Plaintiff acknowledges that it is authorized to enter into this Settlement Agreement and Release.

14. <u>No Admissions</u>. Plaintiff acknowledges that this Settlement Agreement affects the settlement of claims which are denied and contested and that nothing contained herein shall be construed as an admission by Defendant or its affiliates of liability or an admission against the interests of any of the parties. Further, it is expressly understood and agreed that this Settlement Agreement and the consideration called for hereunder are entered into solely for the purpose of avoiding the expense and inconvenience of further prolonged litigation over disputed claims and to resolve the claims alleged in the Action, and are not to be construed as any admission of liability whatsoever on the part of Defendant or its affiliates.

15. <u>Captions</u>. The marginal headings or titles to the paragraphs of this Settlement Agreement are for convenience of reference only and shall have no effect upon the construction or the interpretation of any part of this Settlement Agreement.

5



16.     **Representation by Counsel and Waiver of Fees and Costs.** The parties acknowledge that each has had the benefit and advice of independent legal counsel in connection with this Settlement Agreement and understands the meaning of each term of this Settlement Agreement and the consequences of signing this Settlement Agreement. The parties further acknowledge that each party is responsible for its' own attorneys fees and costs in relation to this Settlement Agreement and Action.

17.     **Execution of Other Documents.** All parties shall cooperate fully with each other in the execution of any and all other documents and in the completion of any additional acts that may be necessary or appropriate to give full force and effect to the terms and intent of this Settlement Agreement.

18.     **Entire Agreement.** This Settlement Agreement contains the entire agreement between and among the parties with respect to the matters referred to in this Settlement Agreement. This Settlement Agreement supersedes all prior drafts, negotiations and communications with respect to the matters referred to herein. This Settlement Agreement may not be modified, changed, supplemented or terminated, nor may any of the obligations hereunder be waived, except by written instrument signed by the parties to be charged.

19.     **Construction.** This Settlement Agreement shall not be construed against the party preparing it, but shall be construed as if all parties jointly prepared this Settlement Agreement without any uncertainty or ambiguity being interpreted against any one party. The parties agree that this Agreement was jointly drafted and negotiated.

20.     **Severability.** If any provision of this Settlement Agreement or its application to any party or circumstance is held invalid or unenforceable, the remaining provisions of this Settlement Agreement and the application of such provisions to other parties or circumstances shall not be affected thereby, the provisions of this Settlement Agreement being severable in any such instance.

21.     **Counterparts.** This Settlement Agreement may be executed by counterparts, each of which shall be deemed an original, but all such counterparts together shall constitute one and the same instrument. A facsimile of a signature shall be binding against the party whose signature appears on the facsimile.

22.     **Effectiveness.** This Settlement Agreement shall be effective as of the time when the last party signature necessary to make this Settlement Agreement effective is executed.

23.　**California Law.** This Settlement Agreement will be construed under the law of the State of California.

24.　**Costs of Enforcement.** In the event Defendant shall default and it shall become necessary for Plaintiff to take steps to enforce the stipulated judgment, Plaintiff shall be entitled to recover from Defendant, in addition to the amounts due under this Settlement Agreement, its reasonable costs incurred in enforcing such judgment, including reasonable attorneys' fees, minus the $15,000 made payable pursuant to paragraph 6.

The parties agree that the Court may continue to exercise jurisdiction over the Action for the purpose of enforcing this Agreement.

Dated: June 19, 2017

_____
ERIC J. BASSINGER
ITS VICE PRESIDENT
on behalf of SEPHORA U.S.A., INC

Dated: June 8, 2017

_____
THOMAS ANDERSON
ITS CHIEF OF FINANCE
on behalf of PALMER RECOVERY
ATTORNEYS, LLC, SUCCESSOR TO
Law Offices of Palmer, Reifler & Associates
P.A., (and sued in the Action as "Palmer,
Reifler & Associates, P.A)

APPROVED AS TO FORM:

BRYAN CAVE, LLP

By: _____
    DANIEL T. ROCKEY
    Attorneys for Plaintiff
    SEPHORA USA, INC.


DILLINGHAM & MURPHY LLP

By: _____
    JOHN N. DAHLBERG
    Attorneys for Defendant
    PALMER, REIFLER & ASSOCIATES

1  Daniel T. Rockey, California Bar No. 178604
   daniel.rockey@bryancave.com
2  Goli Mahdavi, California Bar No. 245705
   goli.mahdavi@bryancave.com
3  BRYAN CAVE LLP
   3 Embarcadero Center, 7th Floor
4  San Francisco, CA 94111
   Telephone:   (415) 675-3400
5  Facsimile:   (415) 675-3434

6  Attorneys for Plaintiff
   SEPHORA USA, Inc.
7

8                UNITED STATES DISTRICT COURT

9              NORTHERN DISTRICT OF CALIFORNIA

10               SAN FRANCISCO DIVISION

11

12  SEPHORA USA, Inc.,                      Case No.: 3:15-cv-05750-JCS

13              Plaintiff,

14       v.                                 CONSENT JUDGMENT

15  PALMER, REIFLER & ASSOCIATES,
    a Florida Corporation,
16
                Defendant.
17

18

19

20

21

22

23

24

25

26

27

28

**CONSENT JUDGMENT IN THE EVENT OF DEFAULT BY PALMER, REIFLER & ASSOCIATES**

WHEREAS, this matter and things in controversy having been discussed by and between Plaintiff Sephora USA, Inc. ("Sephora") and Defendant Palmer, Reifler & Associates ("PRA");

WHEREAS, Sephora and PRA resolved the disputes between them by entering into a Settlement Agreement and Release ("Settlement Agreement");

WHEREAS, the Settlement Agreement obligates PRA to pay to Sephora $160,000.00 in 36 monthly installment payments of $4,444.00, beginning on the date specified therein, and further provides that in the event that PRA shall default on such payments and fail to cure, a judgment in the amount of $175,000 minus any payments made by PRA as of the date of the default shall be entered by consent;

WHEREAS, PRA is in default of the terms of Settlement Agreement by failing to make certain payment(s) as required thereunder;

WHEREAS, the parties have agreed that this Court shall retain jurisdiction over this action, the parties, and the enforcement of the terms of the Settlement Agreement and this Consent Judgment;

WHEREAS, the parties have agreed that in the event of a default by PRA, Sephora shall be entitled to file this Consent Judgment with the Court, which it has done, and the Court shall enter such Consent Judgment upon a *prima facie* showing that Defendant has failed to make a payment and failed to cure, and the amount of any payments made by PRA as of the date of default; and

WHEREAS, PRA has waived any and all defenses to the Court entering this Consent Judgment, including without limitation, any claim that the amounts due hereunder constitute an unlawful penalty;

WHEREAS, the parties have agreed to the form and entry of this Consent Judgment as specified herein.

THEREFORE, on the basis of the foregoing and for good cause shown it is:

BRYAN CAVE LLP
560 MISSION STREET, 25TH FLOOR
SAN FRANCISCO, CA 94105-2994

301594.2

ORDERED that PRA shall pay to Sephora the amount of $175,000.00, minus any payments made by PRA pursuant to the Settlement Agreement, for the total amount of $_____.00, within thirty (30) days from the date of this Order.

Dated: _____

_____
Judge

ENTRY OF THIS ORDER IS HEREBY AGREED UPON:

SEPHORA USA, INC.

By: _Eric J Baysinger_

Name: ERIC J. BAYSINGER

Title: VICE PRESIDENT,

Date: June 19 , 2017

PALMER, REIFLER & ASSOCIATES

By: _____

Name: Thomas Rutzebeckdes

Title: 3rd VS. Chief of Finance

Date: June 8 , 2017

DATED: ____, 2017          DILLINGHAM & MURPHY, LLP
                           JOHN N. DAHLBERG

50150R.2

6/15/2017

1

BY: _____
2
ATTORNEYS FOR LAW OFFICE OF
3    PALMER, REIFLER & ASSOCIATES, P.A.

4

5    DATED: 6/19, 2017

BRYAN CAVE, LLP
6    DANIEL T. ROCKEY

7

BY: _____
8
ATTORNEYS FOR SEPHORA USA, INC.

9

10

11

12

BRYAN CAVE LLP
560 MISSION STREET, 25TH FLOOR
SAN FRANCISCO, CA 94105-2994

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

4

301698.2                    CONSENT JUDGMENT

/s/ JOHN N. DAHLBERG

# EXHIBIT B

| | |
|---|---|
| **From:** | Rockey, Daniel |
| **Sent:** | Friday, August 04, 2017 9:39 AM |
| **To:** | 'Dahlberg, John' |
| **Subject:** | RE: Sephora |
| | |
| **Categories:** | DocID, #10740475 : 0372503 : C355508 : TOU |

Yes. That's fine, John.

**BRYAN·CAVE**  **Daniel Rockey**
*Partner*
daniel.rockey@bryancave.com  T: +1 415 268 1986

---

**From:** Dahlberg, John [mailto:JND@dillinghammurphy.com]
**Sent:** Friday, August 04, 2017 9:18 AM
**To:** Dahlberg, John; Rockey, Daniel
**Subject:** RE: Sephora
**Importance:** High

Daniel:

Do you have a response to this idea of my client paying each month on the 9th?

John Dahlberg, Esq.
Dillingham & Murphy, LLP
601 Montgomery Street
Suite 1900
San Francisco, California 94111
Telephone: (415) 397-2700
Facsimile:  (415) 397-3300
jnd@dillinghammurphy.com
alternate email: ararat53@gmail.com

CONFIDENTIALITY NOTICE:
This communication constitutes an electronic communication within the meaning of the Electronic Communications Privacy Act, 18 USC 2510, and its disclosure is strictly limited to the recipient intended by the sender of this message. This communication and any files transmitted with it may contain confidential and privileged material for the sole use of the intended recipient, including confidential attorney client communications and/or attorney work product. Receipt by anyone other than the intended recipient is not intended to and does not constitute a loss of the confidential or privileged nature of the communications. Any review or distribution by others is strictly prohibited. If you are not the intended recipient you must not read, use, copy, retransmit or disseminate this communication and you are directed to immediately notify the sender by return electronic mail and delete all copies of this communication. To reply to our email directly, send an email to: slm@dillinghammurphy.com

---

**From:** Dahlberg, John
**Sent:** Tuesday, July 25, 2017 11:46 AM
**To:** 'Rockey, Daniel'
**Subject:** RE: Sephora

Mr. Rockey:

My client will agree to making the monthly due date the 9th, unless it falls on a Holiday, in which case it is advanced to the next business day. Let me know, and we can do an amendment to the SA.

1

John Dahlberg, Esq.
Dillingham & Murphy, LLP
601 Montgomery Street
Suite 1900
San Francisco, California 94111
Telephone: (415) 397-2700
Facsimile: (415) 397-3300
jnd@dillinghammurphy.com
alternate email: ararat53@gmail.com

CONFIDENTIALITY NOTICE:
This communication constitutes an electronic communication within the meaning of the Electronic Communications Privacy Act, 18 USC 2510, and its disclosure is strictly limited to the recipient intended by the sender of this message. This communication and any files transmitted with it may contain confidential and privileged material for the sole use of the intended recipient, including confidential attorney client communications and/or attorney work product. Receipt by anyone other than the intended recipient is not intended to and does not constitute a loss of the confidential or privileged nature of the communications. Any review or distribution by others is strictly prohibited. If you are not the intended recipient you must not read, use, copy, retransmit or disseminate this communication and you are directed to immediately notify the sender by return electronic mail and delete all copies of this communication. To reply to our email directly, send an email to jnd@dillinghammurphy.com

**From:** Rockey, Daniel [mailto:Daniel.Rockey@bryancave.com]
**Sent:** Monday, July 24, 2017 9:46 AM
**To:** Dahlberg, John
**Subject:** FW: Sephora

John

I was out of the country last week. Oddly, my client reports that they received the payment on July 7, which is earlier than the July 10 date you cite below. Rather than try to pinpoint the exact date, I would recommend that we simply agree on a day (e.g., the 7th of every month) and apply that going forward. Make sense?

 **Daniel Rockey**
*Partner*
daniel.rockey@bryancave.com   T: +1 415 268 1986

Begin forwarded message:

> **From:** "Dahlberg, John" <JND@dillinghammurphy.com>
> **Date:** July 19, 2017 at 11:01:12 AM PDT
> **To:** "Dahlberg, John" <JND@dillinghammurphy.com>, "Rockey, Daniel"
> <Daniel.Rockey@bryancave.com>
> **Subject:** RE: Sephora
>
> Can you confirm?
>
> John Dahlberg, Esq.
> Dillingham & Murphy, LLP
> 601 Montgomery Street
> Suite 1900
> San Francisco, California 94111
> Telephone: (415) 397-2700
> Facsimile: (415) 397-3300
> jnd@dillinghammurphy.com
> alternate email: ararat53@gmail.com

CONFIDENTIALITY NOTICE:
This communication constitutes an electronic communication within the meaning of the Electronic Communications Privacy Act, 18 USC 2510, and its disclosure is strictly limited to the recipient intended by the sender of this message. This communication and any files transmitted with it may contain confidential and privileged material for the sole use of the intended recipient, including confidential attorney client communications and/or attorney work product. Receipt by anyone other than the intended recipient is not intended to and does not constitute a loss of the confidential or privileged nature of the

disseminate this communication and you are directed to immediately notify the sender by return electronic mail and delete all copies of this communication. To reply to me email directly, send an email to: dm@dillinghammurphy.com

**From:** Dahlberg, John
**Sent:** Friday, July 14, 2017 8:10 AM
**To:** 'Rockey, Daniel'
**Subject:** RE: Sephora

Client is advised payment was made by the financial institution 7/10.

John Dahlberg, Esq.
Dillingham & Murphy, LLP
601 Montgomery Street
Suite 1900
San Francisco, California 94111
Telephone: (415) 397-2700
Facsimile: (415) 397-3300
jnd@dillinghammurphy.com
alternate email: ararat53@gmail.com
CONFIDENTIALITY NOTICE:
This communication constitutes an electronic communication within the meaning of the Electronic Communications Privacy Act, 18 USC 2510, and its disclosure is strictly limited to the recipient intended by the sender of this message. This communication and any files transmitted with it may contain confidential and privileged material for the sole use of the intended recipient, including confidential attorney client communications and/or attorney work product. Receipt by anyone other than the intended recipient is not intended to and does not constitute a loss of the confidential or privileged nature of the communications. Any review or distribution by others is strictly prohibited. If you are not the intended recipient you must not read, use, copy, retransmit or disseminate this communication and you are directed to immediately notify the sender by return electronic mail and delete all copies of this communication. To reply to our email directly, send an email to: dm@dillinghammurphy.com

**From:** Rockey, Daniel [mailto:Daniel.Rockey@bryancave.com]
**Sent:** Thursday, July 13, 2017 2:32 PM
**To:** Dahlberg, John
**Subject:** RE: Sephora

Checking.

BRYAN·CAVE    **Daniel Rockey**
*Partner*
daniel.rockey@bryancave.com    T: +1 415 268 1986

**From:** Dahlberg, John [mailto:JND@dillinghammurphy.com]
**Sent:** Thursday, July 13, 2017 2:28 PM
**To:** Rockey, Daniel
**Subject:** RE: Sephora

My guess is that it is easier for your client to check than mine, if only because the transaction on my client's end is partially or completely within the financial institution's knowledge.

John Dahlberg, Esq.
Dillingham & Murphy, LLP
601 Montgomery Street
Suite 1900
San Francisco, California 94111
Telephone: (415) 397-2700
Facsimile: (415) 397-3300

3

alternate email: ararat53@gmail.com

CONFIDENTIALITY NOTICE

This communication constitutes an electronic communication within the meaning of the Electronic Communications Privacy Act, 18 USC 2510, and its disclosure is strictly limited to the recipient intended by the sender of this message. This communication and any files transmitted with it may contain confidential and privileged material for the sole use of the intended recipient, including confidential attorney client communications and/or attorney work product. Receipt by anyone other than the intended recipient is not intended to and does not constitute a loss of the confidential or privileged nature of the communications. Any review or distribution by others is strictly prohibited. If you are not the intended recipient you must not read, use, copy, retransmit or disseminate this communication and you are directed to immediately notify the sender by return electronic mail and delete all copies of this communication. To reply to our email directly, send an email to: tim@dillinghammurphy.com

**From:** Rockey, Daniel [mailto:Daniel.Rockey@bryancave.com]
**Sent:** Thursday, July 13, 2017 2:23 PM
**To:** Dahlberg, John
**Subject:** Sephora

John

It wasn't clear from your message whether your client did make the payment, or you still need to check. By my count, the first payment should have been due on Monday (15 calendar days after filing of stip of dismissal was Sunday). However, you are correct that we did not meet and confer, so let's confirm whether the payment was made and then agree that subsequent payments be made every 30 days thereafter. Do you want me to ask my client whether it received payment, or check with your client first to see whether it was sent?

 **Daniel Rockey**
*Partner*

T: +1 415 268 1986  F: +1 415 430 4386
BRYAN CAVE LLP Three Embarcadero Center, 7th Floor, San Francisco, CA 94111-4070
daniel.rockey@bryancave.com

bryancave.com | A Global Law Firm

This electronic message is from a law firm. It may contain confidential or privileged information. If you received this transmission in error, please reply to the sender to advise of the error and delete this transmission and any attachments.
bcllp2017

# EXHIBIT C

**BRYAN CAVE**

BRYAN CAVE LLP   Three Embarcadero Center, 7th Floor, San Francisco, CA 94111-4070
T: 415 675 3400  F: 415 675 3434  bryancave.com

October 11, 2017

Daniel T. Rockey
Direct: 415/268-1986
Fax: 415/430-4386
daniel.rockey@bryancave.com

**VIA OVERNIGHT DELIVERY**

John Dahlberg, Esq.
Dillingham & Murphy, LLP
601 Montgomery Street, Suite 1900
San Francisco, CA  94111

Re:     Sephora USA, Inc. v. Palmer, Reifler & Assoc.—NOTICE OF DEFAULT

Dear John:

As you know, I previously provided you with notice by email that your client had failed to make the September payment as required under the terms of the Settlement Agreement and Release. Although I understand that the September payment has now been made, your client has failed to make the payment for October.  This letter constitutes notice of default pursuant to the Settlement Agreement and Release.  Sephora will declare your client to be in breach of the agreement if payment is not received in 8 days.

Very truly yours,

Daniel T. Rockey

DTR:ms

10722379.1

**EXHIBIT D**

 **BRYAN·CAVE**

BRYAN CAVE LLP   Three Embarcadero Center, 7th Floor, San Francisco, CA 94111-4070
T: 415 675 3400  F: 415 675 3434  bryancave.com

January 22, 2018

**VIA OVERNIGHT EXPRESS**

John Dahlberg
Dillingham Murphy
601 Montgomery Street
Suite 1900
San Francisco, Ca 94111

Re:   Sephora - Palmer Settlement Agreement - Notice of Nonpayment

Dear John:

I have been informed by Sephora that Mr. Palmer has failed to make the required January payment pursuant to the Settlement Agreement.  This letter constitutes notice of default pursuant to Section 6 of the Settlement Agreement.

Please urge your client to promptly cure the default and to ensure that payments are timely made going forward.

Very truly yours,

Daniel T. Rockey

DTR:ms

I1195735.1

# EXHIBIT E



BRYAN CAVE LLP   Three Embarcadero Center, 7th Floor, San Francisco, CA 94111-4070
T: 415 675 3400  F: 415 675 3434  bryancave.com

February 16, 2018

Daniel T. Rockey
Direct: 415/268-1986
Fax: 415/430-4386
daniel.rockey@bryancave.com

**VIA FEDERAL EXPRESS**

John Dahlberg
Dillingham & Murphy, LLP
601 Montgomery Street, Suite 1900
San Francisco, CA  94111

Re:    Sephora USA, Inc. v. Palmer, Reifler & Assoc.

Dear John:

I have been informed by Sephora that Mr. Palmer has failed to make the required February payment pursuant to the Settlement Agreement. This letter constitutes notice of default pursuant to Section 6 of the Settlement Agreement.

Please urge your client to promptly cure the default and to ensure that payments are timely made going forward.

Very truly yours,

Daniel T. Rockey

DTR:ms

# EXHIBIT F



BRYAN CAVE LLP   Three Embarcadero Center, 7th Floor, San Francisco, CA 94111-4070
T: 415 675 3400  F: 415 675 3434  bryancave.com

March 15, 2018

**VIA OVERNIGHT EXPRESS**

John Dahlberg
Dillingham Murphy
601 Montgomery Street
Suite 1900
San Francisco, Ca 94111

Re:      Sephora – Palmer Settlement Agreement – Notice of Nonpayment

Dear John:

I have been informed by Sephora that Mr. Palmer has failed to make the required March payment pursuant to the Settlement Agreement. This letter constitutes notice of default pursuant to Section 6 of the Settlement Agreement.

Please urge your client to promptly cure the default and to ensure that payments are timely made going forward.

Very truly yours,

Daniel T. Rockey

DTR:ms

# EXHIBIT G



BRYAN CAVE LEIGHTON PAISNER LLP
Three Embarcadero Center, 7th Floor, San Francisco, CA 94111-4070
T: 415 675 3400 F: 415 675 3434  bclplaw.com

May 29, 2018

Daniel T. Rockey
Direct 415/268-1986
Fax: 415/430-4386
daniel.rockey@bclplaw.com

**VIA OVERNIGHT DELIVERY**

John Dahlberg, Esq.
Dillingham & Murphy, LLP
601 Montgomery Street, Suite 1900
San Francisco, CA  94111

Re:    Sephora USA, Inc. v. Palmer, Reifler & Assoc.—NOTICE OF DEFAULT

Dear John:

I have been informed by Sephora that Mr. Palmer has failed to make the required April and May payments pursuant to the Settlement Agreement.  This letter constitutes notice of default pursuant to Section 6 of the Settlement Agreement.

Please urge your client to promptly cure the default and to ensure that payments are timely made going forward.

Very truly yours,

Daniel T. Rockey

DTR:ms

10722379.1

# EXHIBIT H

**BRYAN CAVE LEIGHTON PAISNER LLP**
Three Embarcadero Center, 7th Floor, San Francisco, CA 94111-4070
T: 415 675 3400  F: 415 675 3434  bclplaw.com

**BRYAN
CAVE
LEIGHTON
PAISNER BLP**

June 15, 2018

**VIA OVERNIGHT EXPRESS**

John Dahlberg
Dillingham Murphy
601 Montgomery Street
Suite 1900
San Francisco, Ca 94111

Re:    Sephora – Palmer Settlement Agreement - Notice of Nonpayment

Dear John:

I have been informed by Sephora that once again Mr. Palmer has failed to make the required payment, this time for June 2018. Consider this to be Sephora's notice of default. As you know, it has now become routine for Mr. Palmer not to make the payments required under the Settlement Agreement until Sephora sends out a notice of default. This is entirely unacceptable and is depriving Sephora of the benefits of agreeing to settle this dispute. Sephora considers Mr. Palmer's continued failure to comply with his obligations under the Settlement Agreement to be a breach of the agreement and a breach of the duty of good faith and fair dealing. If Mr. Palmer does not cease this conduct immediately, Sephora will declare the Settlement Agreement to be in breach and will accelerate the amounts due thereunder and take all other lawful action to secure payment of the amounts owed.

Please urge your client to promptly cure the default and to ensure that payments are timely made going forward. Sephora has entirely lost its patience.

Very truly yours,

Daniel T. Rockey

DTR:jp

11445024.2

# EXHIBIT I



BRYAN CAVE LEIGHTON PAISNER LLP
Three Embarcadero Center, 7th Floor, San Francisco, CA 94111-4070
T: 415 675 3400 F: 415 675 3434 bclplaw.com

September 5, 2018

Daniel T. Rockey
Direct: 415/268-1986
Fax: 415/430-4386
daniel.rockey@bclplaw.com

**VIA OVERNIGHT DELIVERY**

John Dahlberg, Esq.
Dillingham & Murphy, LLP
601 Montgomery Street, Suite 1900
San Francisco, CA 94111

Re:    Sephora USA, Inc. v. Palmer, Reifler & Assoc.—NOTICE OF DEFAULT

Dear John:

I have been informed by Sephora that Mr. Palmer has failed to make the required July and August payments pursuant to the Settlement Agreement. This letter constitutes yet another in a long line of notices of default pursuant to Section 6 of the Settlement Agreement.

If this default is not promptly cured, Sephora will declare Palmer to be in breach of the Agreement and will pursue all available means to recover the amounts owed thereunder.

Very truly yours,

Daniel T. Rockey

DTR:ms

12146680.1